756 So.2d 1043 (2000)
Christine CAMPBELL-ELEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1016.
District Court of Appeal of Florida, Fourth District.
April 5, 2000.
Rehearing Denied May 25, 2000.
*1044 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Campbell-Eley's conviction for third-degree murder and remand for a new trial.[1] The failure to allow any members of the public, including family members, into the courtroom during jury selection deprived Campbell-Eley of her right to a public trial, guaranteed by the Sixth and Fourteenth Amendments of the Federal Constitution and by article I, section 16 of the Florida Constitution.
Immediately prior to jury selection, the trial court required that all persons seated in the last row of the courtroom vacate the courtroom, as all of the rows of seating would be needed for potential jurors. Defense counsel requested that family members, if present, be allowed to at least sit in the unused jury box seats during jury selection. The court declined to do so and refused to accommodate even Campbell-Eley's father. Jury selection proceeded without further objection.
We addressed a remarkably similar situation in Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999). There, as here, the trial judge cleared the courtroom of all spectators, including family members, during voir dire, because of space limitations. Defense counsel suggested setting up three chairs in the back of the courtroom, but the trial judge dismissed this suggestion out of hand.
In Williams, having first recognized that infringement of the right in question constitutes fundamental error, we reviewed the applicable law regarding the right to a public trial, noting that the right is not absolute and may be abridged, but, in a criminal case only where justified by a compelling government interest. See id. Relying on Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), we reviewed the procedure generally undertaken when courtroom closure is requested by a party, which includes determining whether closure is necessary, and, if so, considering all reasonable alternatives. See Williams, 736 So.2d at 702. In Williams, we concluded that the trial judge's total closure of the courtroom was broader than necessary to protect the concern for overcrowding in that three chairs could have been set up to accommodate the family without any breach of safety concerns.
In this case, alternatives for seating were available. While the trial judge may have been reluctant to place spectators in the jury box, there is no reason why some of the potential jurors could not have been seated in the jury box to allow room for the presence of spectators in the courtroom. As in Williams, the closure was patently broader than necessary to alleviate any overcrowding or safety concerns. Here, the court failed to consider the reasonable alternative posited by defense counsel. We also note that here, as in Williams, the trial court failed to make findings to justify the decision. We note that there is no indication that seating additional persons in the room would violate fire marshal limitations.
As prejudice is presumed where a violation of the accused's right to a public trial has been established, the harmless error rule is inapplicable. Id. at 704-05. See also Watters v. State, 328 Md. 38, 612 A.2d 1288 (1992).
DELL and POLEN, JJ., concur.
NOTES
[1] We note that an earlier conviction was reversed in Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998).