763 So.2d 539 (2000)
Christine L. CAMPBELL-ELEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2140.
District Court of Appeal of Florida, Fourth District.
July 26, 2000.
Christine L. Campbell-Eley, Florida City, pro se.
No appearance required for appellee.
PER CURIAM.
Christine L. Campbell-Eley (appellant) appeals the trial court's denial of her motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with directions to dismiss her motion because the court lacked jurisdiction to rule on it.
On April 21 1997, a jury found appellant guilty of second degree murder and aggravated battery in connection with her fatal stabbing of a pregnant woman. On direct appeal to this court, her sentence and convictions *540 were reversed, Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998). Upon remand, appellant was retried and convicted of third degree murder with a weapon and received an enhanced sentence of thirty years. Again, she appealed her conviction and sentence and this court again reversed and remanded for a new trial. Campbell-Eley v. State, 756 So.2d 1043 (Fla. 4th DCA 2000). The State moved for rehearing and rehearing en banc, which we denied. In response, the State sought discretionary review of our decision from the Supreme Court of Florida and subsequently filed a Motion to Stay Mandate Pending Review. We granted that motion.
Prior to the State's motion to stay our mandate, appellant filed a rule 3.800(a) Motion to Correct Illegal Sentence. The trial court denied that motion finding appellant's motion to be legally insufficient.
Although rule 3.800(a) permits a trial court to correct an illegal sentence at any time, a party may not file a motion to correct an illegal sentence under this rule while an appeal is pending. See Fla. R.Crim.P. 3.800(a). Florida Rule of Appellate Procedure 9.600(d) empowers the trial court to hear only rule 3.800(b)(2) or post trial release motions, not motions pursuant to rule 3.800(a) while an appeal is pending.
The trial court lacked jurisdiction to consider appellant's motion. Accordingly, we reverse and remand with instructions to enter an order dismissing appellant's motion without prejudice to her renewing her claim, if necessary, after the conclusion of her pending appeal.
KLEIN, STEVENSON and SHAHOOD, JJ., concur.