770 So.2d 1262 (2000)
Melvin J. DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1285.
District Court of Appeal of Florida, First District.
November 9, 2000.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
On January 13, 2000, the trial court sentenced the appellant as a habitual violent felony offender to 30 years in prison with a 15-year minimum mandatory. The appellant appealed his judgment and conviction on January 21, 2000. That appeal is currently pending; however, on February 18, 2000, the appellant filed a rule 3.800(a) motion challenging his designation as a habitual violent felony offender. Because the direct appeal was pending, the trial court dismissed the appellant's motion for lack of jurisdiction.
The trial court correctly dismissed the motion for lack of jurisdiction. The Florida Supreme Court recently amended Florida Rule of Appellate Procedure 9.600(d) giving trial courts jurisdiction to consider only rule 3.800(b)(2) motions to correct an illegal sentence during the pendency of an appeal. See Amendments to Fla. R. of Crim. P. 3.111(e) and 3.800 and Fla. R.App. P. 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999). Effective January 13, 2000, a party may not file a rule 3.800(a) during the pendency of a direct appeal. See Campbell-Eley v. State, 763 So.2d 539 (Fla. 4th DCA 2000).
Therefore, we affirm the trial court's dismissal without prejudice to the appellant's right to file a new rule 3.800(a) motion *1263 once the direct appeal has been resolved.
JOANOS, KAHN and BROWNING, JJ. CONCUR.