889 So.2d 893 (2004)
Douglas MATTHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2925.
District Court of Appeal of Florida, Second District.
December 3, 2004.
SALCINES, Judge.
Douglas Matthews seeks review of the order denying his motion to withdraw plea.[1] We reverse.
Matthews' direct appeal is currently pending in this court; therefore, the circuit court was without jurisdiction to rule on his motion. See Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000) (holding that effective January 13, 2000, a party may not file a rule 3.800(a) motion during the pendency of a direct appeal); see also Bunkley v. State, 800 So.2d 663 (Fla. 2d DCA 2001) (holding that a trial court is without jurisdiction to rule on a motion for postconviction relief during the pendency of a direct appeal). Such a prematurely filed motion must be dismissed by a circuit court and may be refiled after the direct appeal is final. Ortiz v. State, 768 So.2d 1177 (Fla. 2d DCA 2000). Therefore, we reverse the order of the circuit court and remand with instructions to dismiss Matthews' motion to withdraw plea without prejudice to any right he may have to refile pursuant to Florida Rule of Criminal Procedure 3.850 after his direct appeal is final.
Reversed and remanded.
CANADY and VILLANTI, JJ., Concur.
NOTES
[1] Matthews' motion to withdraw plea was erroneously filed pursuant to Florida Rule of Criminal Procedure 3.800. Because it was not sworn and signed by Matthews, the circuit court could not treat it as a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.850.