VILLANTI, Judge.
Eugene Dudley challenges the circuit court’s order denying his “motion to define or clarify sentence,” an order that recites simply that Dudley’s sentences had been clarified seven years earlier by the court. Dudley’s real complaint is less with his sentences, two concurrent, parole-eligible[1] twenty-five year terms, than it is with his misconception that the Florida Parole Commission (FPC) is treating them as running consecutively. Even though he couches his claim as a request for the circuit court to “clarify” how the sentences are structured, because Dudley’s grievance is not with the sentencing court but is instead with the FPC, he was entitled to no relief from the circuit court and we affirm.
The Attorney General and the FPC[2] have participated in this summary appeal, and the source of Dudley’s confusion can be readily explained. The FPC has determined that Dudley will not be released on parole until July 22, 2027, a date many years in excess of the expiration of the twenty-five years imposed by the circuit court, thus signaling to Dudley that the FPC is not observing that the sentences were imposed to be served concurrently. No doubt surprising to many, the statutes and provisions of the Florida Administrative Code that govern calculations for presumptive parole release dates do not factor in the actual length of the sentence imposed.[3] While Dudley cannot anticipate a parole for twenty-three years, he is in fact scheduled for release, according to the FPC, on January 26, 2005, based upon current calculations of accumulated gain time.
Affirmed.
ALTENBERND, C.J., and WALLACE, J., Concur.

. Dudley's offenses occurred in 1974, although he was not charged until 1995, and the sentences were not imposed pursuant to the sentencing guidelines, thus explaining his parole eligibility.

. By order dated November 9, 2004, this court granted the Florida Parole Commission’s motion to intervene to the extent that, as an interested party, its response would be accepted; however, it would not be considered as a party appellee.

.§ 947.172, Fla. Stat. (2003); Fla. Admin. Code R. 23-21.007, 23-21.009, 23-21.010.