DAVIS, Judge.
Dennis Calloway appeals the trial court’s denial of his pro se motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of the motion as it applies to count two. However, we reverse the denial as it applies to count one and remand for the trial court to strike the motion as unauthorized because Calloway’s direct appeal of his judgment and sentence on count one is still pending in this court.
Calloway was charged with various crimes in an eleven count information. *390 Counts one and two were severed for trial and counts three through eleven were nolle prossed. On September 8, 1999, Cal-loway was convicted and sentenced on count two. His conviction and sentence was affirmed on November 21, 2000. On November 19, 2003, Calloway was convicted and sentenced on count one. The direct appeal of that conviction and sentence is currently pending before this court.
Rule 3.800(a) prohibits the filing of a motion to correct an illegal sentence during the pendency of a direct appeal. Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000). Because Calloway filed his motion during the pendency of the direct appeal of his judgment and sentence on count one, his motion was unauthorized as to that count. Therefore, the order of the trial court denying the motion must be reversed and, on remand, the motion should be stricken as to count one. However, once this court decides Calloway’s direct appeal and issues a mandate, if Calloway seeks further relief, he may file a rule 3.800(a) motion raising the same issue.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and STRINGER, JJ„ Concur.