PER CURIAM.
Rollie L. Baker appeals the denial of his “petition to reverse declaratory judgment” concerning his designation as a sexual predator. The postconviction court treated the petition as a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) and summarily denied the petition on the merits. Because Baker’s direct appeal, which raises the same issues raised in Baker’s petition, is currently pending in this court, the postconviction court did not have jurisdiction to rule on his petition. Rule 3.800(a) specifically provides that a 3.800(a) motion may not be filed “during the pendency of a direct appeal.” See Matthews v. State, 889 So.2d 893 (Fla. 2d DCA 2004); Schrader v. State, 890 So.2d 312 (Fla. 2d DCA 2004). We therefore reverse the postconviction court’s order and remand for entry of an order of dismissal.
Reversed and remand.
WHATLEY, CANADY, and VILLANTI, JJ., Concur.