PER CURIAM.
 

 The appellant challenges the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). However, the appellant’s appeal of his judgment and sentence is currently pending. Because the direct appeal is pending, the postcon-viction court was without jurisdiction to rule on the appellant’s postconviction motion.
 
 See Day v. State,
 
 770 So.2d 1262 (Fla. 1st DCA 2000);
 
 Burch v. State,
 
 721 So.2d 1198 (Fla. 1st DCA 1998).
 

 Therefore, we quash the postconviction court’s denial without prejudice to the appellant’s right to file a new rule 3.800(a) motion once the direct appeal has been resolved.
 

 ORDER QUASHED.
 

 WOLF, KAHN, and VAN NORTWICK, JJ., concur.