PER CURIAM.
The appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant’s direct ap *117 peal is currently pending, and thus, the trial court was without jurisdiction to rule on the motion to correct illegal sentence. See Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000) (holding that effective January 13, 2000, a party may not file a rule 3.800(a) motion during the pendency of a direct appeal). “A prematurely filed motion for postconvietion relief should be dismissed by a trial court and may be refiled after the direct appeal is final.” Bunkley v. State, 800 So.2d 663, 664 (Fla. 2d DCA 2001). Thus, we reverse the denial of the appellant’s motion and remand for the trial court to dismiss the motion without prejudice to the appellant’s right to refile after his direct appeal is final.
REVERSED and REMANDED with instructions.
WOLF, DAVIS, and MARSTILLER, JJ., concur.