PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant’s direct appeal of his judgment and sentence was pending at the time, the trial court was without jurisdiction to rule on the appellant’s postconviction motion. See Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000) (holding that effective January 13, 2000, a party may not file a rule 3.800(a) motion during the pen-dency of a direct appeal); Bunkley v. State, 800 So.2d 663 (Fla. 2d DCA 2001) (holding that a trial court is without jurisdiction to rule on a motion for postconviction relief during the pendency of a direct appeal).
Accordingly, we quash the order denying the appellant’s postconviction motion.
ORDER QUASHED.
THOMAS, MARSTILLER, and KELSEY, JJ., concur.