837 So.2d 597 (2003)
Patrick CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3165.
District Court of Appeal of Florida, Second District.
February 14, 2003.
*598 NORTHCUTT, Judge.
Patrick Cherry appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion on the first two grounds alleged in his motion, but we reverse and remand on the third ground.
Cherry pleaded guilty to armed robbery and aggravated battery and received concurrent sentences of fourteen years in prison followed by two years of probation on each count. Cherry seeks to withdraw his plea based on his trial counsel's misadvice as to the amount of prison time he would actually serve if he pleaded guilty. Cherry claims that his trial counsel told him he would only serve four and one-half to five and one-half years in prison and then be sent to work release and placed on parole.[1] He claims that he has since found out that he is not eligible for either work release or parole.
A defendant may seek to withdraw his plea on the ground that it was involuntary due to reliance on counsel's misadvice or misrepresentation regarding the length of a sentence or the amount of time the defendant would serve. See State v. Leroux, 689 So.2d 235 (Fla.1996); Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996). Such a claim can only be denied without an evidentiary hearing if it is conclusively refuted by the record. Leroux, 689 So.2d at 237. Here, the circuit court denied Cherry's claim on the basis that it was refuted by the transcript of the plea colloquy. However, the plea colloquy did not address whether or not Cherry's trial counsel advised him regarding the amount of time Cherry would actually serve on his sentences. Since the matter was not addressed by the court in the plea colloquy, Cherry's claim is not refuted by the record, and he is entitled to an evidentiary hearing on his claim. See id. at 238. Accordingly, we reverse and remand for an evidentiary hearing on the third ground alleged in Cherry's motion.
Affirmed in part; reversed in part; and remanded.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] We recognize that parole is no longer available in Florida. However, this fact does not refute Cherry's claim that his attorney told him he would be eligible for parole after four and one-half to five and one-half years.