COVINGTON, Judge.
Peter Crawley challenges the order revoking his community control and the resulting judgment and sentence. We affirm these without comment. Crawley also challenges the trial court’s denial of. his motion to withdraw plea after sentencing. The standard of review for the trial court’s denial is abuse of discretion. See Celia v. State, 831 So.2d 716, 720 (Fla. 5th DCA 2002). We find that the trial court did not abuse its discretion, and thus, we affirm.
Initially, Crawley was charged with two counts of aggravated battery with a deadly weapon, a motor vehicle, in violation of section 784.045, Florida Statutes (1999), and one count ■ of. driving while license suspended or revoked, third offense, in violation of section 322.34(2)(c), Florida Statutes (1999). Pursuant to a plea agreement, Crawley received concurrent suspended sentences of ten years for the two aggravated batteries and five years for driving while licence suspended. Crawley was placed on community control for two years to be followed by a two year term of probation.
Six months thereafter, an affidavit for violation of community control was filed. A hearing on the violations was held, and the public defender was appointed to represent Crawley. After being placed under oath, Crawley admitted that he had violated the terms and conditions of his community control. Consequently, the trial court revoked his community control and sentenced him to sixty months in prison with seventy-one days’ credit for time served.
Several weeks after he was sentenced, Crawley filed a motion to withdraw his guilty plea. In the motion, Crawley submitted that his plea of guilty had not been voluntary for three reasons. First, he had not been advised that he was waiving his right to an evidentiary hearing; second, he had not “detoxed” from his prior usage of cocaine and was drugged; and last, he had not had sufficient time to consult with his attorney regarding the consequences of his plea.
We begin by noting that a probation violation hearing need not meet the strict requirements of a criminal trial. Allen v. State, 662 So.2d 380 (Fla. 4th DCA 1995). As this court recognized in Donley v. State, 557 So.2d 943, 944 (Fla. 2d DCA 1990), “At a probation revocation hearing, the court must advise the probationer of the charges, and then if admitted, the court may revoke the probation.” The record shows that Crawley was provided with an appropriate revocation hearing.
The record directly refutes Crawley’s first two contentions. After Crawley’s lawyer informed the trial court that Crawley wanted to admit violating the terms of his community control, the trial court asked Crawley if he understood that he had the right to have a hearing and if he wanted to give up that right. Crawley said that he did. In addition, the trial court asked Crawley if he was under the influence of any narcotics or alcohol. Crawley replied that he was not, and Crawley’s statements were coherent and appropriate. Thus Crawley’s own words and actions during the hearing rebut his assertions on appeal.
The record also defuses Crawley’s fi&al argument. Simply because the public defender was appointed at the time of the *741 hearing to represent Crawley does not mean that Crawley had insufficient time to consult with his lawyer. A review of the transcript shows that Crawley’s lawyer was familiar with Crawley’s scoresheet, was aware that Crawley had been on community control for seven months, and knew that Crawley wanted to be sent to an outpatient drug treatment program. At no time, either before the plea was entered or after sentence was imposed, did Craw-ley or his lawyer request more time to meet or to prepare.
Not only did Crawley have adequate time to confer with counsel, the trial court also sufficiently advised him. In an effort to make certain that Crawley recognized the consequences of the waiver of his rights, the trial court inquired of Crawley’s lawyer as to whether he knew that Craw-ley had a ten year suspended sentence. While the public defender was not aware that Crawley had a ten year suspended sentence, Crawley himself was aware of the suspended sentence, but he thought that it was for fifty-eight and a half months. The following colloquy then transpired:
THE COURT: I show a ten-year suspended sentence on Counts 1 and 2; a five-year suspended sentence on Count 3.
[DEFENSE ATTORNEY]: Judge, he wants to admit. He has an explanation he’d like to offer to the Court.
THE COURT: Knowing he’s got a suspended sentence of ten years?
THE DEFENDANT: Yes, sir.
THE COURT: And five on the other? THE DEFENDANT: Yes, sir.
This dialogue reveals that before going further with the hearing, the trial court ascertained that Crawley knew that he was subject to a sentence of ten years on two of the charges and a sentence of five years on the third charge. Crawley himself acknowledged those facts on the record, and it was only then that the hearing continued.
The approach that Crawley’s lawyer took was to stress that even though Craw-ley was willing to admit to the violation, he had an explanation to present to the trial court. In detail, Crawley explained that he left his home without permission so that he could help his eighty-six-year-old neighbor bring her car back home. He also acknowledged that he had used cocaine, and he said that he recognized that he had a substance abuse problem.
His own words reveal that Crawley was well aware of the fact that he was looking at prison time. During the hearing Craw-ley told the court that he was afraid to go to prison and was throwing himself on the court’s mercy. Crawley then added, “I just want to get this done with. If there’s ever a way you can put me back on probation, if you can add on some kind of outpatient drug program — “
In essence, Crawley was asking the court not to sentence him to his five or ten year suspended sentence but to “show mercy” and place him on probation. Although the trial court could have sentenced Crawley to ten years in prison, it chose not to do so. Rather Crawley was sentenced to sixty months in prison, just over the fifty-eight and a half month suspended sentence that Crawley thought he had received. With the credit of seventy-one days that Crawley received, Crawley’s sentence will actually be about three weeks less than the fifty-eight and a half months Crawley thought he was subject to.
The record reflects that Crawley knew what he was doing when he entered his plea. See Washington v. State, 284 So.2d 236, 237 (Fla. 2d DCA 1973). Thus, Craw- *742 ley s claim that his plea of guilty was not voluntary fails. For these reasons, the order denying the motion to withdraw plea and the judgment and sentence are affirmed.
Affirmed.
WHATLEY and KELLY, JJ., concur.