884 So.2d 1023 (2004)
Brendon John BOULE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-275.
District Court of Appeal of Florida, Second District.
October 13, 2004.
James Marion Moorman, Public Defender, and Jean Marie Henne, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
*1024 SILBERMAN, Judge.
Brendon John Boule appeals the trial court's order denying his motion to withdraw plea after sentencing. Because the record does not conclusively refute Boule's claims, particularly the claim that his plea was involuntary due to his attorney misadvising him concerning the certainty of a life sentence if Boule went to trial, we reverse and remand for further proceedings.
Boule entered a no contest plea in six cases to multiple counts of possession of child pornography, promoting a sexual performance by a child, and lewd or lascivious battery. The plea agreement called for a total sentence of twenty years' imprisonment followed by ten years' sexual offender probation. After the trial court sentenced Boule in accordance with the plea agreement, his public defender filed a motion to withdraw plea indicating that Boule would state the grounds for the motion at a hearing on the motion.
The trial court held a hearing at which Boule testified that he wanted to withdraw his plea because his attorney bullied and threatened him into taking the plea. He also testified that his attorney represented that he had talked with the judge and the judge would sentence Boule to life if Boule did not take the plea. Boule's attorney, who did not testify under oath, stated that at a pre-plea conference he had asked the court whether it would consider a below-guidelines sentence and the court stated that it would not. The attorney added that Boule's sentencing scoresheet reflected substantially more points than were needed for a life sentence. At the State's suggestion, the trial court appointed conflict-free counsel to represent Boule and continued the hearing until Boule's new counsel was ready to proceed.
Boule's new attorney filed a second motion to withdraw plea alleging several grounds, including that Boule felt coerced into entering the plea because the original attorney insisted that if Boule went to trial he would receive a life sentence. At a hearing on this motion the judge indicated that he would read Boule's motion. The judge also asked for the State's position. The State argued that Boule's claims were refuted by the plea transcript. The trial court then denied Boule's motion. Our review of the trial court's denial of the motion to withdraw plea is for abuse of discretion. Crawley v. State, 851 So.2d 739, 740 (Fla. 2d DCA 2003); Gunn v. State, 841 So.2d 629, 631 (Fla. 2d DCA 2003).
Because Boule filed his motion after sentencing, it is governed by Florida Rule of Criminal Procedure 3.170(l), which permits a motion to withdraw plea pursuant to the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e). "[W]hen a defendant files a facially sufficient motion to withdraw a plea, the trial court must either afford the defendant an evidentiary hearing or accept the defendant's allegations in the motion as true except to the extent that they are conclusively refuted by the record." Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2d DCA 2004); see also Cherry v. State, 837 So.2d 597, 598 (Fla. 2d DCA 2003).
Boule's claim that his attorney misled him regarding the certainty that he would receive a life sentence if he went to trial is a valid basis to seek withdrawal of a plea under rule 3.170(l). See Cherry, 837 So.2d at 598 ("A defendant may seek to withdraw his plea on the ground that it was involuntary due to reliance on counsel's misadvice or misrepresentation regarding the length of a sentence or the amount of time the defendant would serve."); Iaconetti, 869 So.2d at 699 (same). Although the State argued that *1025 the plea colloquy refuted Boule's claim, the record before us does not support that conclusion.
Boule acknowledged at the plea hearing that no one had made him any promises other than what was contained in the plea agreement, including the sentence that he would receive. However, nothing in the transcript of the plea hearing or otherwise contained in the record on appeal conclusively refutes Boule's claim that his attorney told him he would definitely receive a life sentence if he rejected the plea offer and went to trial. Although the sentencing scoresheet reflects that Boule was exposed to the possibility of a life sentence, the record does not reflect that such a sentence was a certainty.[1]
Accordingly, we reverse the denial of Boule's motion to withdraw plea and remand for the trial court to conduct an evidentiary hearing to resolve the motion.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] Because a rule 3.170(l) motion stays rendition of the judgment and sentence, the denial of the motion comes to us on direct appeal in connection with the judgment and sentence. See Fla. R.App. P. 9.020(h). In such an appeal, a record is provided to this court. See Fla. R.App. P. 9.140(b)(2)(B). Thus, if a defendant files a facially sufficient motion alleging one of the grounds for relief available under rule 3.170(l), but the allegations are conclusively refuted by the record, the trial court need not attach to its order copies of the pertinent documents. See Mourra v. State, 29 Fla. L. Weekly D2026 (Fla. 2d DCA Sept.8, 2004). However, the trial court should identify the documents which it determines conclusively refute the defendant's allegations. As we suggested in Mourra, a hearing may assist the trial court in determining whether record documents exist that conclusively refute the defendant's allegations. See id.