902 So.2d 353 (2005)
Hayden Michael BAYER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1354.
District Court of Appeal of Florida, Second District.
June 1, 2005.
*354 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Hayden Michael Bayer appeals the trial court's denial of his motion to withdraw his guilty plea, raising two issues. Only one issue warrants discussion  Bayer's claim that his plea was involuntary because he was taking antidepressant and antipsychotic medication that affected his ability to understand his plea. We reverse the trial court's denial of Bayer's motion to withdraw his plea and remand for an evidentiary hearing.
The State charged Bayer with attempted first-degree murder and felonious possession of a firearm, occurring on June 16, 2001. He entered a negotiated guilty plea to attempted first-degree murder on January 14, 2002, and was sentenced to twenty years' imprisonment. Bayer subsequently filed a motion under Florida Rule of Criminal Procedure 3.170(l) to withdraw his plea, alleging that at the time of his plea he was "being treated with Haldol, Gogentin and Norpramin" and "taking a regimen of antipsychotic and anti-depressant narcotics which affected his ability to understand the consequences of his plea and to knowingly and voluntarily waive his rights." This claim is facially sufficient. See Rivera v. State, 746 So.2d 542 (Fla. 2d DCA 1999) (finding a defendant's claim that he could not comprehend the nature and consequences of his plea due to the effects of his medication for mental illness facially sufficient in the context of postconviction relief).
"[W]hen a defendant files a facially sufficient motion to withdraw a plea, the trial court must either afford the defendant an evidentiary hearing or accept the defendant's allegations in the motion as true except to the extent that they are conclusively refuted by the record." Boule v. State, 884 So.2d 1023, 1024 (Fla. 2d DCA 2004) (citing Iaconetti v. State, 869 So.2d 695, 699 (Fla. 2d DCA 2004)). Bayer's facially sufficient claim is not conclusively refuted by the record. During the plea hearing, the trial court did not ask Bayer whether he was under the influence of any medication that impaired his ability to understand. Nothing in the transcript of the *355 plea hearing or otherwise contained in the record on appeal conclusively refutes Bayer's claim that he entered his plea involuntarily because of the effects of his regime of prescription medication. Because Bayer's claim is facially sufficient and not conclusively refuted by the record, the trial court should have conducted an evidentiary hearing to resolve Bayer's motion. See Mourra v. State, 884 So.2d 316 (Fla. 2d DCA 2004). Although the trial court did conduct a hearing on February 16, 2004, on Bayer's motion, it failed to give Bayer's counsel an opportunity to present any evidence. At the hearing, Bayer's counsel advised the court of the subject of his motion and the court immediately ruled, "I'll deny the motion." Accordingly, we reverse the denial of Bayer's motion to withdraw plea and remand for the trial court to conduct an evidentiary hearing to resolve the motion.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.