DAMOORGIAN, J.
Anthony Williams appeals his judgment and sentence emanating from his open plea to the crimes of sexual activity with a child between twelve and eighteen years old (while in familial or custodial authority) and possession of photographs depicting a sexual performance by a child. In his appeal, Williams argues that the trial court erred by failing to grant his written request for appointment of counsel to assist him in the preparation of a motion to correct an illegal sentence. Significantly, *661 Williams’ request, which was in the form of a letter, was sent to the trial judge within the time for filing a Florida Rule of Criminal Procedure 3.800(b)(1) motion.
The trial court’s decision, which is the subject of this appeal, involves the interpretation of the Rules of Criminal Procedure and a question of law subject to de novo review. Jones v. State, 966 So.2d 319, 326 (Fla.2007).
By way of background, Williams retained a private counsel to defend him in the criminal case. On June 1, 2007, Williams, after changing his plea to guilty, was adjudicated and sentenced to concurrent terms of twenty-four years and five years, respectively. Twelve days later Williams wrote a letter to the trial court stating that he believed he received an illegal sentence and requested that, given his indigent status, the court appoint the public defender to represent him in the preparation and presentation of a Rule 3.800 motion. On June 27, 2007, the trial court denied his request, finding that Williams was not entitled to appointed counsel for such purpose. Williams’ attorney did not file an appeal on his behalf, and the record does not reflect that Williams discharged his trial counsel. Williams then filed a petition for belated appeal, which this Court granted on January 30, 2008. The trial court subsequently appointed counsel for appeal purposes.[1]
We acknowledge that indigent defendants remain entitled to appointed counsel during the time for filing a rule 3.800(b)(1) motion. See Padgett v. State, 743 So.2d 70, 72-73 (Fla. 4th DCA 1999) (holding that a rule 3.170(0 motion to withdraw a plea after sentencing is a critical stage even though it occurs “posteon-viction” because relief sought under that rule is not “collateral” as it is still part of the “trial and appeal process”). A rule 3.800(b)(1) motion is part of the “trial and appeal process” and is a critical stage during which an indigent defendant is entitled to appointed counsel. See Bain v. State, 730 So.2d 296, 309 (Fla. 2d DCA 1999) (Altenbernd, J., dissenting) (stating that “a defendant clearly has the constitutional right to appointed counsel to file any necessary postsentencing motion pursuant to rule 3.800(b)”).
It is worth noting that neither party to this appeal addressed whether Williams was represented by counsel at the time he filed his motion. If he was, then his motion was a nullity and should have been stricken. See Logan v. State, 846 So.2d 472, 476 (Fla.2003) (explaining that pro se filings while a defendant is represented by counsel are a nullity with a narrow exception authorizing motions to discharge counsel).
In addressing this issue we direct the parties to Florida Rule of Criminal Procedure 3.111(e) which states:
(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good *662 cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter’s transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
[[Image here]]
(3) the time has expired for filing of a notice of appeal, and no notice has been filed.

Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal under rule 3.800(b)(2).

(emphasis added).
Subdivision (e) of the rule specifically prohibits counsel of record from withdrawing until a notice of appeal is filed, and related tasks completed, or the time period for filing an appeal has expired without an appeal being taken. In this case, Williams sent his letter before the time to take an appeal had expired. Moreover, his attorney had not yet filed a notice of appeal or sought leave of court to withdraw from the case. On this record, we conclude that Williams was represented by legal counsel at the time he filed his motion. Therefore, his motion was a nullity. See Logan, 846 So.2d 472.
While we are mindful of the volume of post sentencing letters/motions that trial judges receive from defendants, with and without their attorneys’ knowledge, in this case Williams’ letter should have been forwarded to trial counsel who was obligated to represent Williams in connection with his alleged rule 3.800(b) motion. Although Williams stated in his letter that he thought his sentence was illegal, he did not explain any specific basis for his belief that his sentence was illegal. If a sentencing error was apparent on the face of the record, appellate counsel could have filed a rule 3.800(b)(2) motion to correct the error before filing an initial brief in this appeal.
We conclude that Williams was not deprived of appointed counsel because he remained represented by his private trial counsel when he made his request. Williams may raise an alleged illegality in his sentence in a postconviction motion where he must specify how the sentence is illegal.

Affirmed.

GROSS, C.J., concurs.
FARMER, J., concurs specially with opinion.

. While his appeal was pending, Williams filed a pro se motion to correct an illegal sentence. The trial court dismissed the motion, stating that it lacked jurisdiction to consider and rule on the motion while the case was pending before this Court. Fla. R.Crim. P. 3.800(a) (providing that a defendant may not file a motion pursuant to this subdivision during the time for filing a Rule 3.800(b)(1) motion or "during the pendency of a direct appeal”); Campbell-Eley v. State, 763 So.2d 539 (Fla. 4th DCA 2000) (holding that the trial court lacked jurisdiction to consider defendant's motion to correct illegal sentence while a direct appeal of the sentence was pending).