WALLACE, Judge.
 

 Kevin Daniel White appeals the circuit court’s denial of his pro se motion to withdraw his plea under Florida Rule of Criminal Procedure
 
 3.170(1).
 
 The circuit court denied the motion without conducting an evidentiary hearing. Because the allegations of the motion were legally sufficient and were not conclusively refuted by the record, we reverse the order denying the motion and remand for an evidentiary hearing.
 

 The State charged Mr. White with murder in the first degree. On May 28, 2008, Mr. White filed a letter asking the circuit court to dismiss defense counsel based on seven complaints. Mr. White subsequently filed a written motion to dismiss counsel and filed two bar grievances against defense counsel. The circuit court never ruled on Mr. White’s motions to dismiss. Mr. White entered a negotiated guilty plea on June 16, 2008, in exchange for the State’s agreement to waive the death penalty.
 

 At the beginning of the plea hearing, the State requested that Mr. White acknowledge that he was waiving his motions to dismiss defense counsel and state that he was “fine with his counsel.” The following discussion ensued:
 

 THE COURT: All right. I read — I read the letter into the record. Certainly, I — I gave copies to counsel, and I just want to make sure, Mr. White, that this is a decision that you want to — you know, you want to enter into.
 

 The suggestion is right now that you are entering a plea of guilty to the charge contained in the indictment, murder in the first degree, in exchange for a life sentence.
 

 [MR. WHITE]: At this time, it’s about the only option, sir.
 

 At that point, the circuit court began the plea colloquy. As part of the colloquy, the court asked Mr. White whether anyone was threatening or forcing him to enter the plea. He responded, “No, sir. I just feel that if I go to trial, I’m
 
 gonna
 
 lose with the defense I have.” When asked whether he was satisfied with counsel’s advice and representation, Mr. White stated, “Satisfied with counsel? I do believe there is a lack of medical experts and
 
 *835
 
 people who could have helped my case, consulted and ... a lack of investigation.” After further inquiry by the court, Mr. White acknowledged that defense counsel had deposed two experts but that their opinions would not be favorable. The circuit court found that Mr. White’s plea was freely and voluntarily made and that he was satisfied with counsel. The court then adjudicated him guilty and sentenced him to life imprisonment. Afterward, in response to a question from the circuit court about whether he had any questions, Mr. White asked: “I’d just like to know how much time I’m gonna have when I get up there to put in the proper motion to possibly fight this from up there?”
 

 On July 3, 2008, Mr. White filed a pro se rule 3.170(0 motion to withdraw plea. Mr. White’s motion incorporated by reference his previous requests to dismiss counsel.
 
 [1]
 
 Mr. White alleged that counsel had misled him into entering the plea. In particular, Mr. White stated that defense counsel had told him that his motions to dismiss counsel had been denied. The circuit court denied Mr. White’s rule 3.170(Z) motion without a hearing on the ground that the transcript of the plea hearing conclusively refuted his claim.
 

 We review the denial of a motion to withdraw plea for abuse of discretion.
 
 Boule v. State,
 
 884 So.2d 1023, 1024 (Fla. 2d DCA 2004). If the motion to withdraw plea is facially sufficient, the circuit court must either grant “ ‘an evidentiary hearing or accept the defendant’s allegations ... as true [unless] they are conclusively refuted by the record.’ ”
 
 Bayer v. State,
 
 902 So.2d 353, 354 (Fla. 2d DCA 2005) (quoting
 
 Boule,
 
 884 So.2d at 1024);
 
 see also Townsend v. State,
 
 927 So.2d 1064, 1065 (Fla. 4th DCA 2006).
 

 Mr. White’s motion was facially sufficient.
 
 See Garcia v. State,
 
 846 So.2d 660, 661 (Fla. 2d DCA 2003) (holding that a rule 3.170(1) motion based on the allegation that counsel misled the defendant into entering the plea was facially sufficient because it challenged the voluntariness of the plea). A review of the plea colloquy reveals that Mr. White never responded to the State’s request that he waive his prior motions to dismiss counsel. Mr. White’s statements during the plea hearing do not reveal the nature of any communications between his defense counsel and him. In fact, nothing in the record refutes Mr. White’s allegation that counsel told him that his motions to dismiss counsel had been denied. Thus the circuit court had to accept Mr. White’s allegations as true. Indeed, Mr. White’s inquiry at the conclusion of sentencing about how he could continue to “possibly fight this” lends additional support to the motion instead of refuting it. Because Mr. White’s motion is facially sufficient and not conclusively refuted by the record, the circuit court erred when it denied the motion without an evidentiary hearing.
 
 See Bayer,
 
 902 So.2d at 355;
 
 Townsend,
 
 927 So.2d at 1065-66.
 

 We note that “ ‘once a defendant indicates his desire to avail himself of the rule 3.170(0 procedure, the trial court must appoint conflict-free counsel to advise and assist the defendant in this regard.’ ”
 
 Smith v. State,
 
 849 So.2d 485, 485-86 (Fla. 2d DCA 2003) (quoting
 
 Lester v. State,
 
 820 So.2d 1078, 1078 (Fla. 1st DCA 2002)).
 
 *836
 
 Therefore, we reverse the order summarily denying Mr. White’s rule 3.170(0 motion and remand for an evidentiary hearing where Mr. White shall be represented by conflict-free counsel.
 

 Reversed and remanded with directions.
 

 FULMER and DAVIS, JJ., Concur.
 

 [1]
 

 . Because Mr. White’s motion includes an unequivocal request to discharge counsel, the rule prohibiting hybrid representation for rule 3.170(/) motions does not apply.
 
 See Sheppard v. State,
 
 988 So.2d 74, 78 (Fla. 2d DCA 2008) ("[T]his court has been willing to permit pro se representation by a defendant filing a rule 3.170(0 motion only where the defendant has made an unequivocal request to discharge counsel.”),
 
 review granted,
 
 990 So.2d 1060 (Fla.2008).