WALLACE, Judge.
 

 Justin L. Krautheim appeals his judgments and sentences in two cases following the revocation of his probation pursuant to his admission to violating a condition of his probation based upon his commission of a new law violation.
 
 [1]
 
 Mr. Krautheim argues that the circuit court erred in summarily denying his motion to withdraw his plea, filed under Florida Rule of Criminal Procedure 3.170(i), without first appointing
 
 *804
 
 conflict-free counsel and without conducting an evidentiary hearing. The State properly concedes error.
 

 In Mr. Krautheim’s motion to withdraw plea, his trial counsel alleged, in pertinent part, as follows:
 

 2. The Defendant has requested the undersigned counsel to file a Motion to Withdraw his Plea. He requests that this motion assert that he did not understand what could happen if he admitted to the VOP, he was confused about his possible sentence and what it might be.
 

 3. The grounds which the defendant wants raised in this motion prohibit the undersigned from acting further in a representative capacity for the Defendant, and furthermore may lead to a situation in which the undersigned counsel will become an adverse witness against the Defendant.
 

 [[Image here]]
 

 9. Based on the above and matters which have transpired in counsel’s representation of the Defendant, there currently exists a conflict between counsel’s duties to zealously represent the Defendant and maintain the attorney-client privilege and her duty of candor to the tribunal, such that her interests are adverse to those of the Defendant to the extent that her independent professional judgment might be materially limited if she were to continue to represent the Defendant.
 

 10. Therefore, continued representation of the Defendant under [the] circumstances of this case would constitute a conflict of interest and/or a violation of the Rules of Professional Conduct.
 

 Counsel requested that she be permitted to withdraw from her representation of Mr. Krautheim and that conflict-free counsel be appointed to represent him. At the hearing on the motion to withdraw, counsel again represented that “he is claiming that he did not understand what could happen if he admitted to the violation of probation and he was confused about his possible sentence and what that might be.” Counsel indicated that she would be an adverse witness, asked for leave to withdraw from the case, and requested that the circuit court appoint conflict-free counsel.
 

 The circuit court found that counsel no longer represented Mr. Krautheim, that the motion failed to allege a basis to withdraw the plea, that the request to withdraw the plea could only be raised in a motion filed under Florida Rule of Criminal Procedure 8.850, that rule 3.170(í) did not apply to admissions to violations of probation, and that the allegations were refuted by the plea colloquy. The court noted as follows:
 

 Again, there is no basis to withdraw the plea. It is obvious that there was a plea colloquy given. He understood — he knew he was in violation. There was a plea colloquy given when he was placed on probation that told him what the minimum, maximum penalties he was facing and including what he faced if he violated.
 

 The court denied the motion to withdraw plea without appointing conflict-free counsel and without arranging for Mr. Krau-theim to be present at the hearing.
 

 A motion to withdraw plea is a critical stage of the proceedings at which a defendant is entitled to be present and to have counsel represent him.
 
 Garcia v. State,
 
 846 So.2d 660, 661 (Fla. 2d DCA 2003);
 
 see also Daniel v. State,
 
 865 So.2d 661, 661 (Fla. 2d DCA 2004) (“[A] motion to withdraw a plea pursuant to rule 3.170(Z) is a ‘critical stage’ in which the defendant is entitled to effective assistance of counsel ....” (quoting
 
 Brown v. State,
 
 835 So.2d 402, 403 (Fla. 2d DCA 2003)));
 
 Hampton v. State,
 
 848 So.2d 405, 405 (Fla.
 
 *805
 
 2d DCA 2008) (“A motion to withdraw plea is a critical stage of a criminal proceeding at which an indigent defendant is entitled to court-appointed counsel.”). Thus the circuit court erred when it denied Mr. Krautheim’s motion in his absence.
 

 In addition, once it becomes clear that a defendant and his counsel are in an adversarial relationship with respect to the defendant’s entry of his plea, the defendant is entitled to the appointment of conflict-free counsel to represent him and to assist him with respect to his motion to withdraw plea.
 
 White v. State,
 
 15 So.3d 833, 835 (Fla. 2d DCA 2009) (holding that the defendant was entitled to the appointment of conflict-free counsel to “advise and assist” him with respect to his motion to withdraw plea alleging that trial counsel misled him into entering his plea);
 
 Garcia,
 
 846 So.2d at 661 (“Once it became clear that Garcia and his counsel had adversarial positions concerning what actually happened while counsel was advising Garcia concerning the plea, Garcia was entitled to conflict-free counsel.”). Here, the motion and counsel’s representations at the hearing established that counsel and Mr. Krau-theim were in an adversarial relationship concerning Mr. Krautheim’s motion to withdraw plea. Accordingly, Mr. Krau-theim was entitled to the appointment of conflict-free counsel, and the circuit court again erred by failing to appoint conflict-free counsel to represent Mr. Krautheim on his motion.
 

 Further, “[i]f the motion to withdraw plea is facially sufficient, the circuit court must either grant ‘an evidentiary hearing or accept the defendant’s allegations ... as true [unless] they are conclusively refuted by the record.’ ”
 
 White,
 
 15 So.3d at 835 (second alteration in original) (quoting
 
 Bayer v. State,
 
 902 So.2d 353, 354 (Fla. 2d DCA 2005)). Mr. Krautheim’s allegations in his motion raised the issue of the voluntariness of his plea based upon his misunderstanding about his possible sentences. Although counsel was understandably reticent in the motion, a fair reading of the motion’s allegations leave no doubt that Mr. Krautheim’s alleged misunderstanding was connected to trial counsel’s representation of him with regard to the entry of his plea. As noted by the Florida Supreme Court in
 
 Sheppard v. State,
 
 17 So.3d 275, 283 (Fla.2009) (citing
 
 Iaconetti v. State,
 
 869 So.2d 695, 699 (Fla. 2d DCA 2004)), “misrepresentations or mistaken advice by counsel concerning the length of the sentence may be a basis to allow a defendant to withdraw a plea.”
 

 The circuit court found that Mr. Krautheim’s allegations were conclusively refuted by the plea colloquy. However, the circuit court simply noted that there was a plea colloquy when Mr. Krautheim was placed on probation and that he was advised of the maximum and minimum penalties if he violated. That observation would not take into account any discussions that counsel had with Mr. Krautheim before he entered his admission to violating his probation. So the circuit court could not determine that the allegations of Mr. Krautheim’s motion were conclusively refuted by the record in the absence of any evidence concerning the nature of his alleged misunderstanding.
 

 We further note that the circuit court incorrectly concluded that counsel no longer represented Mr. Krautheim.
 
 See
 
 Fla. R.Crim. P. 3.111(e)(3) (providing in pertinent part that “[t]he attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw ... until after ... the time has expired for filing of a notice of appeal, and no notice has been filed”). The circuit court also erroneously concluded that Mr. Krautheim’s claim
 
 *806
 
 could only be presented in a rule 3.850 motion. Rule 3.170(i) provides:
 

 A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.
 

 Moreover, a defendant may seek relief under rule 3.170(£) with respect to his admission to violating his probation.
 
 See Sheppard,
 
 17 So.3d at 277 (applying rule 3.170(í) to a motion to withdraw plea with respect to the defendant’s admission to violating his community control).
 

 For these reasons, we reverse the order denying Mr. Krautheim’s motion to withdraw plea and we remand for an evidentia-ry hearing on the motion at which Mr. Krautheim shall be entitled to be represented by conflict-free counsel.
 
 See White,
 
 15 So.3d at 836.
 

 Reversed and remanded for further proceedings.
 

 CASANUEVA, C.J., and VILLANTI, J., Concur.
 

 [1]
 

 . Mr. Krautheim's admission to violating his probation was supported by his plea to a new law violation in Hillsborough County Court Case No. 09CM000927. Mr. Krautheim’s motion to withdraw plea filed in the circuit court also referenced the county court case. After that motion was denied, he filed in the circuit court his notice of appeal of his judgments and sentences in all three cases, including the county court case. The clerk of the circuit court sent the notice of appeal of the judgment and sentence in the county court case to this court. We returned the notice of appeal to the clerk for further processing with respect to the county court case. Mr. Krau-theim’s appeal of his judgment and sentence in the county court case is not before us.