SHEPHERD, J.
Jose Escobar appeals a summary denial of his pro se motion to withdraw his plea after sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(1), on the grounds he failed to understand the specific detail of his plea due to a language “barrier,” unfamiliarity with “legal language,” being rushed through the plea colloquy by the trial judge and, finally, his counsel “[rjushed [and][r]esponded on [his] behalf in a manner inefficient [and] not agreeable to [him].” Escobar’s motion is in the form of a letter written by Escobar in his jail cell and mailed to the trial judge. The trial judge summarily denied Esco-bar’s motion on the ground it was refuted by the record. We reverse the trial court’s order and remand for the court to determine in the first instance whether Escobar’s motion contains allegations sufficient to give rise to an adversary relationship between Escobar and his counsel. Because a motion to withdraw a plea after sentencing is a critical stage, the court should further assure on remand that Es-cobar’s counsel is aware of Escobar’s filing.
This is a good case in which to discuss the proper application of this sometimes confusing rule.[1] A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw his plea within thirty days after rendition of his sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)a-e., except as provided by law.[2] See Fla. R.Crim. P. 8.170((); Sheppard, 17 So.3d at 282. It also is settled law in this state that counsel’s obligation of representation to his client does not end upon the rendition of a judgment of conviction and sentence, but continues thereafter until either a notice of appeal is filed and related tasks completed, the time for filing the notice has passed, or good cause is shown upon written motion. See Fla. R.Crim. P. 3.111(e)(1)(A), (e)(3); Krautheim v. State, 38 So.3d 802, 806 (Fla. 2d DCA 2010); Williams v. State, 10 So.3d 660, 662 (Fla. 4th DCA 2009); Searcy v. State, 971 So.2d *280 1008, 1011 (Fla. 3d DCA 2008).[3] The filing of a timely motion to withdraw a plea after sentencing tolls these time periods. Fla. R.App. P. 9.020(h)(1); Eulo v. State, 786 So.2d 43, 44 n. 1 (Fla. 4th DCA 2001). In this case, Escobar’s counsel had neither filed a notice of appeal on behalf of his client, nor obtained an order permitting his withdrawal from representation before Escobar filed his motion to withdraw plea. Thus, his obligation to Escobar was not at an end.
Although a defendant represented by counsel at trial has a qualified right derived from article I, section 16 of the Florida Constitution to be heard in person at trial, see Sheppard, 17 So.3d at 279, appellate courts, by virtue of their different focus on legal issues, uniformly have refused to permit a defendant represented by counsel to file additional pro se briefs and papers. Id. at 280. Nevertheless, our supreme court has recognized a limited exception to the practice of striking these pro se pleadings as nullities:
where a defendant files a pro se motion to withdraw a plea pursuant to rule 3.170(£), which contains specific allegations that give rise to an adversarial relationship, such as misadvice, affirmative misrepresentations, or coercion that led to the entry of the plea. In these narrow circumstances, ... the trial court is required ... to determine whether an adversarial relationship exists such that defense counsel can no longer continue to represent his or her client at a hearing in which counsel will likely be an adverse witness.
Id. at 277. In short, if a defendant represented by counsel files a pro se motion to withdraw his plea pursuant to Rule 3.170(0 after he is sentenced, the trial court may strike the pleading without a hearing where the pleading fails to contain specific allegations that bring it within the ambit of Rule 9.140(b)(2)(A)(ii)a.-e. However, if the pro se motion contains specific allegations that bring it within the ambit of Rule 9.140(b)(2)(A)(ii)(c) — e.g., the plea was involuntary — and further contains allegations sufficient to give rise to an adversary relationship between the defendant and his counsel, the trial court must take an additional step. It then must “either grant ‘an evidentiary hearing or accept the defendant’s allegations ... as true [unless] they are conclusively refuted by the record.’ ” Krautheim, 38 So.3d at 805 (citing White v. State, 15 So.3d 833, 835 (Fla. 2d DCA 2009) (second alteration in original) (quoting Bayer v. State, 902 So.2d 353, 354 (Fla. 2d DCA 2005))).
It is only after such a hearing, if the trial court finds conflict has arisen between the defendant and his trial counsel in the continued representation by trial counsel, the defendant is entitled to conflict-free counsel to resolve the issues raised by the motion. See Sheppard, 17 So.3d at 275; Krautheim, 38 So.3d at 804-05 (finding the defendant’s assertions in motion to withdraw plea that he did not understand what could happen if he admitted to probation violation, and was confused about his possible sentence sufficient to require an evidentiary hearing to determine whether the defendant was entitled to conflict-free counsel, despite the fact he was advised in original plea colloquy of the maximum and minimum penalties if he *281 violated probation); La Page v. State, 29 So.Sd 1168, 1170 (Fla. 1st DCA 2010) (concluding the defendant was entitled to appointment of conflict-free counsel to defend allegation that counsel misadvised him of potential defenses to probation violation at conclusion of evidentiary hearing, where the defendant’s allegation was not conclusively refuted); cf. Davis v. State, 52 So.3d 697, 698 (Fla. 4th DCA 2010) (affirming denial of motion to withdraw plea for lack of specific allegations); Nelfrard v. State, 34 So.3d 221, 223 (Fla. 4th DCA 2010) (concluding the defendant’s motion to withdraw plea on ground his counsel coerced him by telling him if he failed to accept the plea offer he would be sentenced to five years in prison, was refuted by plea colloquy where the defendant specifically was advised he could face any sentence up to the maximum of two, five-year consecutive sentences); Wendt v. State, 19 So.3d 1024, 1028-29 (Fla. 3d DCA 2009) (stating the defendant’s motion to withdraw plea and appoint conflict-free counsel in probation violation proceeding on ground she was under erroneous impression she would not receive a sentence in excess of the original plea agreement was refuted by plea agreement and plea colloquy where she specifically was advised her maximum exposure was five years).
In this case, Escobar’s motion, in the form of a letter to the court, states:
I [r]espectfully [r]equest to have the plea issued on September 8, 2008[,] withdrawn due to a barrier in communication, as a[r]esult of not speaking the English language. I had a[t]ranslator appointed by the court; [hjowever, due to specific legal language, the [interpreting] process and the [accelerated speed at which the court conducts the business of its calend[a]r[,] I did not understand the specific detail of my plea. The counselor [r]ushed [and] [Responded on my behalf in a manner inefficient [and] not agreeable to me. The severity of the court[’]s decision was not clear to me until I conferred in my native Spanish language with colle[a]gues. This letter was drafted with the assistance of an associate with the ability to read[,] write, and speak English and Spanish. I beg the mercy of the [e]ourt[’]s re-evaluation.
Sincerely,
/s/ Jose Escobar
(emphasis added).
Escobar’s allegations in his pro se motion that “[t]he counselor [r]ushed [and] [responded on my behalf in a manner inefficient [and] not agreeable to me,” may be sufficient to create an adversarial relationship between Escobar and his counsel. The trial court erred by not considering first whether this (or any other) allegation was sufficient to constitute such a conflict. If so, Escobar was entitled to the appointment of conflict-free counsel to advance his motion. If not, Escobar’s motion should be stricken as a nullity unless, of course, counsel elects to adopt it and advance it on Escobar’s behalf.
For the foregoing reasons, we reverse the order under review and remand this case for further proceedings in compliance herewith.

. The rule was adopted in 1997 as part of the Florida Supreme Court’s attempt to effectuate a legislative philosophy to resolve more issues at the trial court level. See Mourra v. State, 884 So.2d 316, 319 (Fla. 2d DCA 2004), abrogated by Sheppard v. State, 17 So.3d 275 (Fla.2009). There has been considerable debate since then over whether the confusion caused by the rule has come to outweigh its benefits. Mourra, 884 So.2d at 319-20; see also Williams v. State, 959 So.2d 830, 832 (Fla. 4th DCA 2007) (Warner, J., concurring specially) (noting that a joint post conviction workgroup of trial and appellate court judges had so concluded).

. Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)a.-e. states:
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.

. Even then, an order allowing withdrawal of counsel is conditional. Rule 3.111(e) concludes:
Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal under rule 3.800(b)(2).