NORTHCUTT, Judge.
Jonathan Pacheco pleaded no contest to burglary and kidnapping, but he moved to withdraw his plea shortly after sentencing. See Fla. R. Crim. P. 3.170(i). Among his several grounds were allegations that he was incompetent to enter the plea and that his counsel was ineffective in that regard. The circuit court summarily denied the grounds based on Pacheco’s alleged incompetency, finding that the transcript of the plea and sentencing hearing refuted the allegations. We reverse the summary denial of those issues and remand for the circuit court to hold an evidentiary hearing.
Pacheco’s competence to proceed was questioned months before he entered his plea. He was evaluated by two doctors, one in May 2009, the other in June. Both noted his long history of mental illness dating from early childhood. Each doctor found him incompetent to stand trial but posited that he could be returned to competency with the proper medication. Both agreed that he must be maintained on medication to insure his competency.
In September 2009, a psychologist found Pacheco competent to proceed. His report stated that Pacheco “has been taking his medications as prescribed, which have been instrumental in managing the symptoms of mental illness, which include auditory hallucinations, paranoia, irritability, and agitation, and mood stability.” The psychologist recommended that Pacheco “be followed by the jail psychiatrist ... in order to monitor mental status and be maintained on his current psychotropic regimen.”
The trial court found Pacheco competent to proceed on October 2, 2009. His plea *1108 and sentencing hearing was held in December 2009 before Judge Angela Cowden. At the hearing, Pacheco gave vague answers to some of the judge’s questions. For example, when the judge asked Pacheco if he understood a certain charge, he responded “[tjhat’s what you just said.” The judge replied “yes” and Pacheco stated “OK, yeah.” Then Judge Cowden asked if he was under the influence of any drugs, alcohol, or medicine, and Pacheco said “no.” She delved deeper into his answer:
Judge Cowden: Have you ever been diagnosed with a mental illness or an emotional disturbance?
Pacheco: Yeah.
Judge Cowden: Alright, Sir. Did they prescribe medicine for you?
Pacheco: Yes.
Judge Cowden: Does that affect your mind?
Pacheco: What? Like how?
Judge Cowden: Does it make it difficult for you to understand what’s going on or does it make you sleepy or woozy or something like that?
Pacheco: Yeah-yes
Judge Cowden: Is that why you didn’t take it today?
Pacheco: I haven’t been taking it.... Because I — because it’s making me feel different and I still hear the voices. I see the doctor Friday.
Judge Cowden: Okay, so the question here though, is do you know everything that’s going on in the courtroom today?
Pacheco: I guess.
When the allegations of a rule 3.170(£) motion are legally sufficient and not conclusively refuted by the record, the court must conduct an evidentiary hearing. See White v. State, 15 So.3d 833, 834 (Fla. 2d DCA 2009). Pacheco’s motion claimed that he was incompetent to enter into .the plea agreement, a legally sufficient basis for withdrawing a plea. Cf. Stokes v. State, 938 So.2d 644 (Fla. 2d DCA 2006). Moreover, the transcript of the plea and sentencing hearing did not refute Pacheco’s claim. Rather, considered with the record evidence of Pacheco’s earlier incompetency, along with the admonitions of the mental health evaluators that Pacheco’s continued competence required that he be maintained on medication, the transcript appears to cast doubt on his competence to enter the plea. Accordingly, Pacheco is entitled to an evidentiary hearing on his claims asserting incompetency. See White, 15 So.3d at 834.
It appears that Pacheco retained counsel to file his rule 3.170(0 motion. Because he alleged ineffective assistance of his original counsel connected to the competency issue, we note that if he is now indigent, the circuit court should appoint conflict-free counsel to represent him.
Reversed and remanded.
SILBERMAN, C.J., and MORRIS, J, Concur.