ROWE, J.,
dissenting.
I respectfully dissent. Because Appellant failed to demonstrate that a manifest injustice occurred, the trial court did not abuse its discretion in denying the motion to withdraw the plea after sentencing.
Appellant argues that he should have been permitted to withdraw his plea because his plea agreement was conditioned on his ability to challenge the trial court’s competency ruling, which he later learned was a non-appealable issue. Florida Rule of Criminal Procedure 3.170(0 allows for the withdrawal of a plea after sentencing only on the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii). A violation of the plea agreement is one of those enumerated grounds. Fla. R.App. P. 9.140(b)(2)(A)(ii)(b). However, a defendant who moves to withdraw his plea on grounds that the plea agreement was violated must also demonstrate that a manifest injustice occurred. State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003). Appellant failed to meet that burden here.
Appellant was charged with sexual battery with a firearm, burglary of dwelling with assault or battery, aggravated assault by threat, felony battery, violation of a domestic violence injunction, aggravated stalking, and contributing to the delinquency of a minor. Appellant’s counsel filed a notice of incompetency after an expert declared Appellant to be incompetent to stand trial. The trial court appointed two experts, who both determined that Appellant was competent to proceed. Based on these expert opinions, the trial court found that Appellant was competent to stand trial.
However, Appellant chose not to proceed to trial. Instead, Appellant entered into a plea agreement with the State where' the State agreed to drop the firearm portions of Appellant’s charges in exchange for Appellant entering a straight-up plea to the court. On the plea form, defense counsel wrote “Defendant reserves the right to appeal Court’s pre-trial ruling as to the Defendant’s competency.” During the plea colloquy, Appellant indicated that he understood the charges against him and the maximum penalties for those charges. Without further comment, the court noted that Appellant was reserving the right to appeal the court’s competency ruling. The court found that Appellant’s pleas were knowingly and voluntarily entered. Appellant was sentenced to a total of forty-five years’ imprisonment.
Following sentencing, Appellant moved to withdraw his plea. At the evidentiary hearing, Appellant testified that counsel told him that he would have the right to appeal the court’s competency ruling in the event that he did not obtain a favorable ruling from the court. Appellant admitted that he told his doctors during the competency evaluations that he did not “want to be labeled a nut.”
*449 Appellant’s trial counsel testified that Appellant agreed to pursue the plea agreement because Appellant believed that the evidence against him was overwhelming and he did not want a jury to hear about the egregious acts that took place. Appellant also indicated to counsel that he did not want to put his wife and children through a jury trial. Counsel testified that Appellant never believed that he was incompetent and that Appellant actively participated in the development of his case. He testified that Appellant never specifically asked him to appeal the court’s competency ruling; Appellant only made a general request to file the appropriate notice. Counsel testified that it was his idea to attempt to reserve the right to appeal the competency ruling and that he did not discuss the reservation with Appellant before writing it into the plea agreement. Counsel asserted that Appellant was never concerned about the competency issue. He testified that Appellant was prepared to enter a plea before he inserted the provision reserving Appellant’s right to appeal the competency issue in the plea agreement.
After weighing the evidence and making credibility determinations, the trial court found that Appellant was willing to enter a plea before counsel inserted the provision into the plea agreement about the right to challenge the competency ruling. The court found that Appellant’s main concerns were not putting his family through a jury trial and removing the firearm enhancements from his charges. The court concluded that Appellant failed to establish that a manifest injustice occurred and denied the motion to withdraw Appellant’s plea.
Based on the record in this case, the trial court did not abuse its discretion. There is no support in the record for Appellant’s assertion that he would not have entered his plea had he known that he could not challenge the competency ruling. Rather, the record shows that Appellant decided to enter a plea because he was concerned about the overwhelming evidence against him and did not want to put his family through a jury trial. The court accepted as true counsel’s testimony that Appellant did not request the reservation of the right to challenge the competency ruling when he expressed a desire to enter his plea.
Moreover, had Appellant asserted that he was incompetent at the time he entered the plea, that claim would have provided a legally sufficient ground under rule 3.170(¿) for withdrawing his plea. Pacheco v. State, 114 So.3d 1107 (Fla. 2d DCA 2013). But Appellant does not argue that he was incompetent at the time he entered his plea. Rather, he argues only that his plea was involuntary because he was mi-sadvised about his right to appeal the competency ruling. Because rule 3.170(2) provides for relief where the defendant is incompetent at the time a plea is entered, the trial court correctly determined that Appellant failed to demonstrate that a manifest injustice occurred where Appellant was improperly advised that he could appeal the court’s competency ruling. The trial court’s denial of the motion to withdraw the plea should be affirmed.