IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMY SARGENT,

      Appellant,

 v.                                           Case No. 5D16-3992

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 26, 2018

Appeal from the Circuit Court
for Hernando County,
Stephen E. Toner, Jr., Judge.

James S. Purdy, Public Defender, and
Robert Jackson Pearce III, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      The appellant, Amy Sargent, entered a plea of nolo contendere to the charge of

criminal mischief (a third-degree felony) pursuant to a plea agreement. She was

represented by counsel at the time of the plea. She was sentenced to three years'

probation. A few days later, Sargent filed a facially insufficient, pro se motion to withdraw

her plea. At the time the motion was filed, Sargent was still represented by counsel. See Escobar v. State, 126 So. 3d 277, 279 (Fla. 3d DCA 2011) ("[C]ounsel's obligation of representation to his client does not end upon the rendition of a judgment of conviction and sentence, but continues thereafter until either a notice of appeal is filed . . . the time for filing the notice has passed, or good cause is shown upon written motion."). The trial court held a hearing and denied the motion. Sargent's counsel did not attend the hearing.

Sargent appeals, contending that her constitutional right to counsel was violated when the hearing was held without her counsel being present. We conclude that the trial court should have stricken the motion because Sargent was represented by counsel and the motion did not allege an adversarial relationship with her counsel. Moreover, the motion did not contain specific allegations that bring it within the ambit of Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii). See Escobar, 126 So. 3d at 279. Accordingly, we reverse the order under review and remand this case to the trial court to enter an order striking the motion.

REVERSED; REMANDED with instructions.

SAWAYA, EVANDER and EISNAUGLE, JJ., concur.

2