# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-2439
Lower Tribunal Nos. F16-10266, F-16-21913, and F19-20005A

————————

**Christopher Coley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

FERNANDEZ, C.J.

Appellant Christopher Coley appeals the trial court's order denying Coley's motion to withdraw plea. Upon review of the record, and the State's concession that Coley's appeal has merit, we reverse the order denying the motion to withdraw plea and remand with instructions for the trial court to appoint conflict-free counsel to represent Coley on the motion.

We review an order denying a motion to withdraw plea for abuse of discretion. Woodly v. State, 937 So. 2d 193, 196 (Fla. 4th DCA 2006).

On November 30, 2021, the trial court scheduled an evidentiary hearing on the motion to withdraw plea with the understanding that Coley would be representing himself. On December 1, 2021, the day of the hearing, the State cross-examined Coley and called defense counsel to testify against Coley. In return, Coley questioned defense counsel and challenged defense counsel's statements consistent with the allegations of the motion. Following the evidentiary hearing, the trial court denied the motion to withdraw plea.

The State concedes that when it became clear that Coley and his trial counsel had taken adversarial positions as to Coley's plea, the court was required to appoint conflict free counsel. See Padgett v. State, 743 So. 2d 70, 73 (Fla. 4th DCA 1999); Angeles v. State, 279 So. 3d 836, 837 (Fla. 2d DCA 2019) ("When a defendant files a facially sufficient motion setting forth

2

an adversarial relationship with counsel, the court is required to appoint conflict-free counsel unless the record conclusively refutes the motion's allegations."); Krautheim v. State, 38 So. 3d 802, 805 (Fla. 2d DCA 2010) ("[O]nce it becomes clear that a defendant and his counsel are in an adversarial relationship with respect to the defendant's entry of his plea, the defendant is entitled to the appointment of conflict-free counsel to represent him and assist him with respect to his motion to withdraw plea."); Jones v. State, 827 So. 2d 1086, 1087 (Fla. 1st DCA 2002) (finding an adversarial relationship may be established by record evidence that counsel may be called as a witness at a later hearing).

We reverse the order denying the motion to withdraw plea and remand with instructions for the trial court to appoint conflict-free counsel to represent Coley on the motion.

Reversed and remanded with instructions.