BOYER, Judge.
The appellant, incarcerated in the Federal Penitentiary in Atlanta, Georgia, filed in proper person a motion for postconviction relief from a previous (allegedly unconstitutional) Florida conviction pursuant to RCrP 3.850. The trial court denied the motion. Appellant having been adjudicated insolvent, the public defender was appointed to represent him incident to this appeal.
While the directions to the clerk seek a transmittal of the order of conviction in the 1955 Florida conviction, said order is not now before this Court. However, it is not necessary that the requested order be considered, assuming that all of the allegations of the appellant are correct, for the reason that the allegations are insufficient to support the relief sought.
Appellant’s court-appointed counsel has filed a brief in conformity with his duties as prescribed by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Appellant seeks relief under RCrP Rule 3.850, which provides as follows:
“A prisoner in custody under sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
“A motion for such relief may be made at any time.
“Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that *483 the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant him a new trial or correct the sentence as may appear appropriate.
“A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
“The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
“An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of ha-beas corpus.
“An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.” (Emphasis added)
In his pro se motion pursuant to the above quoted rule, the denial of which motion gave rise to this appeal, appellant alleges that “Petitioner has fully served the said sentence and he is now confined in the United States Penitentiary at Atlanta, Georgia.”
It is abundantly apparent therefore that appellant is not a prisoner in custody under sentence of a court established by the laws of Florida and is therefore not entitled to relief under the above quoted rule. (See Chapman v. State, Fla.App. 1st 1974, 300 So.2d 749.) Counsel for appellant states in his brief that appellant may have remedies in the Federal courts. We do not hold nor comment with reference thereto except to say that if he has such remedies in the Federal courts he should pursue them there for he has none here.
The order appealed is
Affirmed.
RAWLS, C. J., and McCORD, J., concur.