PER CURIAM.
Appellant filed a motion[1] asking that the judgment and sentence on an escape charge be set aside on the ground that he was not represented by counsel and he had not knowingly and intelligently waived counsel. The lower court denied the motion without an evidentiary hearing. We find that the record affirmatively shows no clear waiver of appellant’s right to counsel and reverse.
Appellant pled guilty to an escape charge in 1964. At the time he filed the motion under consideration here he had served the sentence on the escape charge, but was serving a federal sentence which, he alleged, had been enhanced by his escape conviction.
The first question that must be decided on this appeal is whether one may collaterally attack a judgment and sentence when he is no longer in the custody of Florida authorities.
Although the First District in Chapman v. State, 300 So.2d 749 (Fla. 1st DCA 1974), and Parks v. State, 301 So.2d 482 (Fla. 1st DCA 1974), answered this question in the negative, these decisions appear to be in conflict with our Supreme Court’s holding in State v. Reynolds, 238 So.2d 598 (Fla.1970), and with an earlier First District opinion, Wilcox v. State, 267 So.2d 15 (Fla. 1st DCA 1972). We disagree with the Chapman and Parks decisions and hold that under Reynolds, supra, a prisoner in the custody of a state other than Florida is “in custody” within the meaning of Fla.R. Crim.P. 3.850.
Having decided that appellant may collaterally attack his prior conviction, we *1096 must determine whether he is entitled to relief, i. e., whether the record affirmatively shows that he knowingly and intelligently waived counsel.
The colloquy between appellant and the trial court upon the entry of his plea to the escape charge, in its entirety, consisted of the following:
“THE COURT: Richard, they filed an information against you while you were in the custody of the prison authorities serving a sentence of five years that was imposed against you in the Criminal Court in Hillsborough County on the 13th of February, 1964, that you escaped and went at large.
You understand that is — constitutes a felony.
MR. BRYAN: Yes, sir.
THE COURT: For which you could get additional time in the state penitentiary. That you likewise have a right if you don’t feel you are guilty to plead not guilty and to have a jury to determine your guilt and if you do have a trial to an attorney to represent you. If you can’t afford the attorney, the State will pay for it and, of course, you can plead guilty and throw yourselve [sic] on the mercy of the Court. You have the privilege either way.
MR. BRYAN: That’s what I will do, your Honor.
THE COURT: What, plead guilty?
MR. BRYAN: Yes, sir.
THE COURT: Where do you live, Richard? In this county?
MR. BRYAN: Hillsborough County, Plant City.
THE COURT: I am sorry you did this because you added to your troubles. I don’t know that I blame you. I might have done the same thing if I had been out there. Under the law I have to sentence you to a year.
MR. BRYAN: Could I ask you to give it concurrent?
THE COURT: Yes, sir, but I can’t do it under the law. You are going to have to go back and tough it out because now I understand they will send you back to Raiford and reclassify you and you will probably lose your good time. It’s rough, Richard. I don’t break the law. That one year is the minimum.”
This record affirmatively shows that appellant was not represented by counsel and further affirmatively shows the lack of a knowing and intelligent waiver of counsel by appellant. Appellant is entitled to have the judgment and sentence on his escape charge vacated.
Reversed and remanded for the setting aside of the judgment and sentence on the escape charge against appellant.
HOBSON, Acting C. J., and McNULTY and OTT, JJ., concur.

. Appellant’s motion was apparently treated as filed pursuant to Fla.R.Crim.P. 3.850, and we shall so consider it on this appeal.