PER CURIAM.
Freddie Lawrence appeals from the summary denial of his motion to vacate a 1953 conviction for breaking and entering with intent to commit petit larceny. Lawrence’s motion to vacate was accompanied by his affidavit, which recited, inter alia, that (1) he was presently incarcerated at Union Correctional Institution, Raiford, Florida, pursuant to sentences not being attacked in his motion to vacate; (2) that in 1953, in the Criminal Court of Record in Dade County, Miami, Florida, he entered a guilty plea to the offense of burglary; (3) prior to and at the time of entering the plea, and at the time of adjudication and sentence, he was not represented by counsel, was not informed of his right to counsel, was financially unable to hire an attorney, and did not waive his right to be represented by counsel; (4) that the Florida Parole and Probation Commission has used and is currently using the 1953 conviction to postpone his parole eligibility and extend his incarceration.[1] Lawrence’s motion and affidavit unquestionably state a prima facie case for relief precluding summary disposition, unless “the files and records of the case conclusively show” that he is entitled to no relief. Fla.R.Crim.P. 3.850.
When Lawrence’s appeal first arrived here, it was accompanied by a record which consisted of Lawrence’s form motion, see Fla.R.Crim.P. 3.987, his attached affidavit, and a form order denying him relief and advising him of his right to rehearing and appeal. That form order recites, inter alia, that the court has “examined the said Motion and find[s] that the allegations contained therein do not constitute legal grounds [for relief].” Most certainly, the order entered was wrong. We believed, however, that a complete record of the 1953 plea proceedings might demonstrate that Lawrence was not entitled to relief and support the trial court’s denial for a different reason. We requested the State to obtain and file any available record, and that has been done. The record submitted is the minute entries for July 30, the day of Lawrence’s plea of guilty, and the adjudication and sentencing which followed on the heels of the plea. The minute entries reflect that Freddie Lawrence and his co-defendant, Lee Mitchell, were together before the court and simultaneously entered pleas of guilty. The only mention of an attorney, other than the prosecutor, being present is the notation, “Joseph Nadler, Counsel for the Defense.”
In Lawson v. State, 231 So.2d 205 (Fla.1970), the court held inter alia, that an identical minute entry showing the appearance of “M. O’Quinn, Counsel for the Defense” did not conclusively show that this lawyer represented Lawson, one of four co-defendants then before the court. The minute entry in Lawrence’s case in which he and his co-defendant, Lee Mitchell, were together before the court, entered pleas of guilty, were adjudicated guilty and sentenced, is equally equivocal. It is therefore abundantly clear that the minute entries are not enough to defeat Lawrence’s claim for relief and to warrant the summary denial of his motion to vacate.
Thus, we reverse the trial court’s summary denial of Lawrence’s motion to vacate and remand the cause to the trial court with directions to conduct a hearing at which Lawrence will have the opportunity to prove by a preponderance of the evidence *1131 that he was not represented by counsel, that he was financially unable to employ counsel, and that he did not competently and intelligently waive his right to counsel. See Lawson v. State, supra, at 209.
It further appears that Lawrence, proceeding pro se, moved to vacate the plea and sentence in only Case No. 26144 — A. However, the record reflects that Lawrence pleaded guilty on the same day, and under the same circumstances, to charges contained in companion Cases Nos. 26142-A and 26143 — A, and received consecutive one-year sentences in the three cases, not, as he mistakenly said in his motion to vacate, a three year sentence in Case No. 2614L-A. Therefore, since these three cases were obviously consolidated for purposes of plea and sentencing, upon remand the trial court is directed to permit Lawrence to amend his motion to cover the three cases.
Reversed and remanded.

. Lawrence’s allegation that his present custody under a different sentence is being prolonged because of his 1953 conviction, the sentence on which was long ago served, is sufficient to satisfy the “in custody” requirement of Rule 3.850. Bryan v. State, 345 So.2d 1095 (Fla. 2d DCA 1977); Rose v. State, 235 So.2d 353 (Fla. 3d DCA 1970). See also Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975).