485 So.2d 475 (1986)
Charles SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-337.
District Court of Appeal of Florida, Second District.
March 19, 1986.
*476 SANDERLIN, Judge.
Charles Simmons appeals the summary denial of his motion for postconviction relief. We reverse.
We first address the correctness of the trial court's determination that Simmons was not "in custody" as required by Florida Rule of Criminal Procedure 3.850. The motion attacks two 1968 felony convictions. By Simmons' own admission the one-year sentences imposed in these cases expired long ago. Nevertheless, we conclude that Simmons has made a sufficient showing, subject of course to rebuttal, that he is "in custody" for purposes of the rule. Simmons alleges that he is presently incarcerated on more recent charges, and that his parole release date has been extended because of the 1968 convictions. A prisoner has standing to attack such prior convictions if his present sentence is enhanced by virtue thereof. Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975); Bryan v. State, 345 So.2d 1095 (Fla. 2d DCA 1977); Lawrence v. State, 404 So.2d 1129 (Fla. 3d DCA 1981). Simmons' alleged classification by the Parole Commission as a recidivist constitutes sufficient nexus between his present confinement and the judgments and sentences under attack. Swyers v. State, 483 So.2d 520 (Fla. 4th DCA 1985).
We next turn to the facial sufficiency of Simmons' motion. He makes the following factual claims: In 1965 Simmons was arrested twice by Polk County authorities: first, for breaking and entering and possession of a firearm by a convicted felon and, then, for possession of burglary tools and vagrancy. According to Simmons, on both occasions he was driving an automobile borrowed from an acquaintance who was apparently wanted by the police. Simmons denies any involvement in the offenses charged and maintains that he was detained on a pretext so that the police could search the car. He further disavows any knowledge that contraband or other evidence of criminal activity was in the car. Simmons posted bond and the state later entered a nolle prosequi on all charges. At some point thereafter Simmons was convicted in Suwannee County of unspecified crimes and sentenced to Raiford Prison. The Polk County charges were "reactivated" in 1968. Simmons was unable to afford private counsel, but the attorney who had represented him in Suwannee County agreed to undertake the Polk County cases as well. Simmons states that he advised the attorney that the charges ought to be dismissed because the evidence was unlawfully seized and because he had been continuously available for trial since 1965. However, the attorney had arranged a plea bargain whereby Simmons would receive one-year sentences to run concurrent with his existing confinement. The attorney threatened to withdraw from the case if Simmons did not agree to enter the plea. Faced with that choice Simmons accepted the one-year sentences.
We hold that Simmons' statement of facts, if true, would present a prima facie showing of his entitlement to relief. Coercion by counsel may render a plea involuntary. See, e.g., Haynes v. State, 451 So.2d 1043 (Fla. 1st DCA 1984). Further, if Simmons did apprise counsel of a possible illegal search or speedy trial violation, and counsel refused to follow up on this information, such delinquency could constitute ineffective assistance of counsel.
Since the record before us does not conclusively refute Simmons' claims, we must remand this case to the trial court with directions either to afford Simmons a hearing or to attach sufficient record excerpts to demonstrate that Simmons is not entitled to the relief he seeks. In so doing we are mindful of the rather substantial passage of time between the events complained of and the filing of the motion to vacate. Thus, should the trial court elect to schedule a hearing, conceivably it could find that Simmons' motion should be *477 barred by laches. See, e.g., Anderson v. State, 471 So.2d 661 (Fla. 1st DCA 1985). The doctrine of laches requires proof of two elements: First, there must be inordinate delay on the part of the moving party, and second, the state must be prejudiced by this delay. Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970); Depres v. State, 427 So.2d 257 (Fla. 5th DCA 1983). We caution that the mere passage of time, standing alone, is not sufficient evidence of prejudice. Weir v. State, supra. Notably, at the time Simmons entered his plea and for many years thereafter the effectiveness of private counsel could not be questioned in postconviction proceedings. Vaught v. State, 442 So.2d 217 (Fla. 1983); Blatch v. State, 389 So.2d 669 (Fla. 3d DCA 1980). However, every case must be judged on its facts and if the trial court has sufficient evidence that Simmons has deliberately abused the system, it may deny relief accordingly.
This cause is remanded to the trial court for further proceedings consistent herewith. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
REVERSED.
SCHEB, A.C.J., and HALL, J., concur.