972 So.2d 1029 (2008)
Glenn TUHEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4222.
District Court of Appeal of Florida, Fourth District.
January 11, 2008.
Rehearing Denied February 21, 2008.
*1030 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.

CORRECTED OPINION
FARMER, J.
Tuhey entered a plea of no contest to battery on a detainee, trafficking in cocaine and violating probation. He was represented by counsel at the plea. But soon after entering his plea, he moved pro se to withdraw the plea, saying that it was "by far" not in his best interests. Critical to our purposes, he requested that counsel be appointed for the matter. The trial court found the motion facially insufficient because it lacked any factual allegations or reasons for withdrawing a plea. At the same time, the court denied an appointment of counsel. He appeals. We reverse.
Rule 3,1;70(l) allows a defendant to withdraw a plea on specified grounds if motion is made, as here, within 30 days of entering the plea. Tuhey concedes that his motion is facially insufficient but argues that it was the very reason he sought the appointment of counsel to aid him in the effort so his motion would be sufficient. In Schriber v. State, 959 So.2d 1254 (Fla. 4th DCA 2007), we said:
"the thirty-day window provided in Rule 3.170(l) is a critical stage of the criminal proceedings and it would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea."
959 So.2d at 1257. Our opinion in Schriber did not restrict appointment of counsel only to situations where defendant alleges that a plea was instigated through misrepresentation, coercion or duress by defense counsel, as the State here argues. Nor did the court do so in Holifield v. State, 717 So.2d 69 (Fla. 1st DCA 1998). It was error for the court to deny appointment of counsel to assist defendant in the critical stage of seeking to withdraw a plea timely under rule 3.170(1). On remand, the court can sort out whether defendant qualifies for representation by the Public Defender.
Reversed.
KLEIN and HAZOURI, JJ., concur.