987 So.2d 1279 (2008)
Clifford Leon GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4494.
District Court of Appeal of Florida, Second District.
August 20, 2008.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Clifford Leon Golden appeals the revocation of his probation and resulting sentences *1280 in circuit court case numbers 02-11108, 02-13155, and 02-16036 and his judgments and sentences in circuit court case 07-08992. Pursuant to a plea agreement, the trial court imposed concurrent sentences of five years in prison on all counts. Golden challenges the denial of his motion to withdraw plea after sentencing in all four cases. Because Golden was not afforded conflict-free counsel at the hearing on his motion to withdraw plea, we reverse the order denying his motion to withdraw plea, remand for further proceedings, and direct the trial court to appoint conflict-free counsel to assist Golden in those proceedings.
Within thirty days after sentencing, Golden's counsel filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l). The motion stated that Golden had requested counsel to file a motion to withdraw plea, that counsel felt it necessary to file the motion to protect Golden's rights, and that counsel was unaware of the specific grounds for the motion. Counsel alleged that he believed that Golden would be in a position at the hearing to advise the court of the grounds for the motion. Counsel also stated that other grounds would "be argued ore tenus."
At the hearing on the motion, the trial court placed Golden under oath and took testimony from him regarding the reasons he sought to withdraw his plea. The following colloquy ensued:
THE DEFENDANT: And my other reason was because my public defender she told me before I cop'd [sic] out, she came and talked to me and she was like, your mom and them want you to take, your mom and girl want you to take this. So I'm aware of taking this because of they said it but come to find out when I got out on furlough they ain't said nothing like this.
MS. McNEILL: And this is the point Your Honor where he is alleging something against me that I certainly dispute and I don't know if he would need conflict counsel to represent him on that point. But just to make the Court aware that there is a dispute as to the allegations.
The court then denied the motion on merits, finding the plea was freely and voluntarily made, without addressing the issue of conflict-free counsel.
A motion filed pursuant to rule 3.170(l) is a critical stage of the proceedings, thus entitling Golden to counsel during those proceedings. See Mourra v. State, 884 So.2d 316, 319 (Fla. 2d DCA 2004); Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003). In Garcia this court noted that the trial court held a hearing on Garcia's 3.170(l) motion at which the court took unsworn testimony from Garcia's counsel that was adverse to Garcia's position. This court stated, "Once it became clear that Garcia and his counsel had adversarial positions concerning what actually happened while counsel was advising Garcia concerning the plea, Garcia was entitled to conflict-free counsel." 846 So.2d at 661.
Here, the trial court allowed Golden to state his reasons for his motion to withdraw plea orally at the hearing and took Golden's sworn testimony. As Golden was explaining his pre-plea discussion with his counsel, counsel interjected that she disputed the allegations that Golden was making. Counsel also raised the issue of whether Golden needed conflict-free counsel. When it became apparent to the trial court that Golden and his counsel had adversarial positions regarding what happened when counsel advised Golden about the plea offer, the trial court should have appointed conflict-free counsel to represent Golden. See id.
*1281 Thus, we reverse the order denying the motion to withdraw plea, remand for further proceedings, and direct the trial court to appoint conflict-free counsel for Golden to assist him in those proceedings.
Order reversed and case remanded.
NORTHCUTT, C.J., and CANADY, J., Concur.