LaROSE, Judge.
 

 Dewey M. Council appeals his convictions and sentences imposed after the trial court denied his motion to withdraw plea. Mr. Council previously pleaded no contest to obstruction of justice, disorderly conduct, and failure to report and reregister as a sex offender. The trial court should have appointed conflict-free counsel
 
 for
 
 Mr. Council before summarily denying the motion. The State concedes error. We reverse.-
 

 Mr. Council was arrested in early 2007. Later in the year, obviously dissatisfied with his court-appointed lawyer, he wrote to the trial judge asking to be released on bond and assigned “a street lawyer that will fight for me....” Our record reflects that Mr. Council’s lawyer told him that there was no defense to the sex offender charges. Because he was visiting from out-of-state at the time of his arrest, Mr. Council claims that he was unaware of his reporting and registration obligations in Florida.
 

 In early 2008, the trial court conducted a
 
 Nelson
 

 [1]
 

 hearing and, consistent with the advice Mr. Council received from his lawyer, stated that failure to register was a strict liability crime. The trial court refused to appoint new counsel. Faced with trial, Mr. Council accepted the State’s plea offer. The trial court sentenced him to over thirty months in prison. Within a few days, Mr. Council’s lawyer moved to withdraw the plea. Allegedly, the lawyer coerced Mr. Council to plead.
 

 At' the hearing on the motion, Mr. Council’^. lawyer moved to withdraw and asked for the appointment of conflict-free counsel. Instead, the trial court ruled that the motion was facially insufficient because the allowable grounds for plea withdrawal did not include coercion.
 
 See
 
 Fla. R.Crim. P. 3.170(i) (allowing motion to withdraw plea after sentencing only upon grounds specified in Fla. R.App. P. 9.140(b)(2)(A)(ii)(a)-(e)). But, “[cjoercion by counsel may render a plea involuntary.”
 
 Simmons v. State,
 
 485 So.2d 475, 476 (Fla. 2d DCA 1986). An involuntary plea is a ground for withdrawal under rule 9.140(b)(2)(A)(ii)(e).
 

 “ ‘Where a defendant seeks to withdraw his plea on the ground that it was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same and, then, conduct an evidentiary hearing on the motion to withdraw plea.’ ”
 
 Brown v. State,
 
 835 So.2d 402, 403 (Fla. 2d DCA 2003) (quoting
 
 Lingenfelser v. State,
 
 734 So.2d 472, 472-73 (Fla. 4th DCA 1999));
 
 see also Gunn v. State,
 
 841 So.2d 629, 631 (Fla. 2d DCA 2003). Accordingly, the trial court should have appointed conflict-free counsel to represent Mr. Council and to adopt or revise
 
 *723
 
 the motion, which was drafted by a lawyer with whom Mr. Council had a conflict.
 
 See Tuhey v. State,
 
 972 So.2d 1029, 1030 (Fla. 4th DCA 2008) (holding defendant entitled to appointment of conflict-free counsel to assist with preparation of facially sufficient motion to withdraw plea).
 

 The trial court also observed that the plea form and the plea colloquy refuted Mr. Council’s claim that his plea was coerced by his lawyer’s misadvice about the sex offender charge. However, neither conclusively refutes a claim that the lawyer coerced a plea by affirmatively mi-sadvising Mr. Council about the law.
 
 See Smith v. State,
 
 826 So.2d 322, 323 (Fla. 2d DCA 2002). Both his lawyer and the trial court appear to have misadvised Mr. Council. “[A]t a minimum[,] ‘actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply are necessary before a conviction under [the sexual offender registration statutes] can stand.’ ”
 
 State v. Giorgetti,
 
 868 So.2d 512, 520 (Fla.2004) (quoting
 
 Lambert v. Cal.,
 
 355 U.S. 225, 229, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957)). Therefore, we reverse and remand for appointment of conflict-free counsel and for the trial court to reconsider the merits of Mr. Council’s motion to withdraw plea.
 

 Reversed and remanded.
 

 SILBERMAN and KELLY, JJ„ Concur.
 

 [1]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).