LaROSE, Judge.
Kevin Jon Applegate appeals the summary denial of his timely motions to withdraw plea. The trial court erred in treating the motions as ones under Florida Rule of Criminal Procedure 8.850 and in failing to appoint conflict-free counsel to Mr. Applegate. Consequently, we reverse.
Mr. Applegate entered a plea to various offenses. The trial court sentenced him to seven years in prison. Twelve days later, Mr. Applegate filed pro se motions to withdraw his plea. Allegedly, his trial counsel coerced him into taking the plea, his counsel was ineffective, and the relationship with counsel was adversarial.[1] He asked for conflict-free counsel and an evidentiary hearing. Because Mr. Applegate alleged deficient performance by his counsel, the trial court treated Mr. Applegate’s motions as postconviction claims under rule 3.850 and summarily denied relief on the merits.
The trial court should have addressed Mr. Applegate’s motions under Florida Rule of Criminal Procedure 3.170(O.[2] See Cella v. State, 831 So.2d 716, 717 (Fla. 5th DCA 2002) (holding that rule 3.170(i) was proper vehicle to challenge plea where defendant filed motion claiming defendant did not understand consequences of plea within thirty days of sentence); cf. Murray v. State, 909 So.2d 998, 999 (Fla. 2d DCA 2005) (holding that where motion to withdraw plea filed within thirty days of sentence did not state whether it was filed pursuant to rule 3.170(Z) or rule 3.850, court erred in disposing of it under rule 3.850).
A motion under rule 3.170(i) is “a critical stage of the proceedings at which a defendant is entitled to counsel.” Cunningham v. State, 937 So.2d 1150, 1151 (Fla. 2d DCA 2006) (citing Smith v. State, 849 So.2d 485, 486 (Fla. 2d DCA 2003); Meeks v. State, 841 So.2d 648, 648 (Fla. 2d DCA 2003)). “ ‘[O]nce a defendant indicates his desire to avail himself of the rule 3.170(0 procedure, the trial court must appoint conflict-free counsel to advise and assist the defendant in this regard.’ ” White v. State, 15 So.3d 833, 835 (Fla. 2d DCA 2009) (quoting Smith, 849 So.2d at 485-86). Mr. Applegate was entitled to conflict-free counsel to represent him and to adopt or revise his motions to withdraw. See Council v. State, 9 So.3d 721, 722-23 (Fla. 2d DCA 2009); Newsome v. State, 877 So.2d 938, 939-40 (Fla. 2d DCA 2004) (holding motion to withdraw plea claiming trial counsel coercion and deficient performance alleged permissible rule 3.170(i) ground to withdraw plea and was facially sufficient to warrant a hearing with defendant present and counsel to represent him); Smith, 849 So.2d at 486; Tuhey v. State, 972 So.2d 1029, 1030 (Fla. 4th DCA 2008) (holding it was error for court to *213 deny appointment of counsel to assist in preparation of facially sufficient motion to withdraw plea).
We reverse the order summarily denying Mr. Applegate’s rule 3.170(7) motions and remand for the trial court to appoint conflict-free counsel and to reconsider the merits of his claims.
Reversed and remanded.
SILBERMAN and CRENSHAW, JJ., Concur.

. Mr. Applegate's motions contained detailed factual allegations. Our record indicates that within days of sentencing, Mr. Applegate learned that his trial counsel had been suspended temporarily from the practice of law.

. "A defendant who pleads guilty or nolo con-tendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e)...." Fla. R.Crim. P. 3.170(0- One of the grounds rule 9.140(b)(2)(A)(ii)(c) specifies is "an involuntary plea, if preserved by a motion to withdraw plea.”