46 So.3d 1061 (2010)
Chadwick KEGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-4685.
District Court of Appeal of Florida, Second District.
October 15, 2010.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Chadwick Kegler appeals his judgment and sentences entered in accordance with his no contest plea, challenging the denial of his pro se motion to withdraw plea after sentencing.[1] Because the circuit court *1062 erred in declining to appoint conflict-free counsel to assist Mr. Kegler on his motion, we reverse the order denying the motion to withdraw plea and remand for further proceedings.
Mr. Kegler's motion asserted that he should be permitted to withdraw his plea due to "misunderstanding and miscommunication."[2] The circuit court permitted Mr. Kegler to clarify his claims at a hearing, and Mr. Kegler asserted that his trial counsel had refused to pursue a viable entrapment defense; that counsel had represented that he could get certain charges, to which Mr. Kegler ultimately pleaded, thrown out; and that counsel had essentially forced him into accepting the plea. Mr. Kegler stated that his counsel, who was present at the hearing, would have to admit Mr. Kegler's contentions if counsel was placed under oath.
The circuit court judge expressed her belief that Mr. Kegler understood what was happening when he entered into the plea. She noted that she and Mr. Kegler's trial counsel spent considerable time going over the plea with Mr. Kegler and that everyone was ready to go to trial. In addition, Mr. Kegler had represented that he was satisfied with counsel's representation when he entered into the plea. Understandably frustrated with Mr. Kegler, and in the face of his assertion that counsel would have to admit his contentions under oath, the circuit court judge placed counsel under oath and asked him if what Mr. Kegler said was true. Counsel inquired if he had permission to respond, and the judge asked Mr. Kegler if he was willing to waive the attorney-client privilege. Mr. Kegler requested counsel, and when the circuit court pointed out that he had counsel, Mr. Kegler replied that he needed "conflict counsel." The judge responded that it was too late for "conflict counsel" and denied the motion to withdraw plea.
Mr. Kegler subsequently filed a motion to reconsider the motion to withdraw plea, requesting an opportunity to present his motion with counsel present. The circuit court denied this motion, noting that Mr. Kegler's attorney was present at the hearing on the motion to withdraw plea.
Mr. Kegler's claims are that his trial counsel coerced him into entering the plea and that his plea was involuntary. "Coercion by counsel may render a plea involuntary," Simmons v. State, 485 So.2d 475, 476 (Fla. 2d DCA 1986), and "[a]n involuntary plea is a ground for withdrawal under rule 9.140(b)(2)(A)(ii)(c)," Council v. State, 9 So.3d 721, 722 (Fla. 2d DCA 2009).
Where a defendant seeks to withdraw his plea on the ground that it was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same and, then, conduct an evidentiary hearing on the motion to withdraw plea.
Id. (quoting Brown v. State, 835 So.2d 402, 403 (Fla. 2d DCA 2003)). Moreover, this court noted in Krautheim v. State, 38 So.3d 802, 804-05 (Fla. 2d DCA 2010) (citations omitted), as follows:
A motion to withdraw plea is a critical stage of the proceedings at which a defendant *1063 is entitled to be present and to have counsel represent him....
... [O]nce it becomes clear that a defendant and his counsel are in an adversarial relationship with respect to the defendant's entry of his plea, the defendant is entitled to the appointment of conflict-free counsel to represent him and to assist him with respect to his motion to withdraw plea.
See also Applegate v. State, 23 So.3d 211, 212 (Fla. 2d DCA 2009) (noting same); Golden v. State, 987 So.2d 1279, 1280 (Fla. 2d DCA 2008) (noting same).
Here, it became clear that Mr. Kegler and his counsel were in an adversarial relationship when Mr. Kegler made claims about his counsel's representation and asserted that counsel had coerced him into accepting his plea. Nothing could demonstrate the adversarial nature of their relationship better than the circuit court's decision to place counsel under oath to respond to Mr. Kegler's claims. Instead of doing so, the circuit court should have concluded the hearing and appointed conflict-free counsel to represent Mr. Kegler on his motion to withdraw plea. See Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003) (noting that the defendant was entitled to the appointment of conflict-free counsel when his counsel gave adverse testimony at a hearing on the defendant's motion to withdraw plea).
Accordingly, we reverse the order denying Mr. Kegler's motion to withdraw plea and remand for further proceedings. On remand, the circuit court shall provide Mr. Kegler the opportunity to present his motion with the assistance of conflict-free counsel. Because Mr. Kegler is entitled to assistance in preparing his motion, the court should provide counsel an opportunity to file an amended motion on Mr. Kegler's behalf. See Applegate, 23 So.3d at 212; Council, 9 So.3d at 722-23. If the amended motion presents a facially sufficient claim or claims for withdrawal, the circuit court should consider the merits of Mr. Kegler's motion at a hearing at which he shall be entitled to be represented by conflict-free counsel. See Krautheim, 38 So.3d at 806.
We caution Mr. Kegler that if he is successful in withdrawing his plea and is convicted of the subject charges after a trial, the circuit court could impose the maximum penalties, which in Mr. Kegler's case would amount to a life sentence.[3]
Reversed and remanded.
Villanti, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
Chadwick Kegler had twenty-four prior convictions, including several for sale of cocaine, when he was charged with these seventeen new felonies. He undoubtedly qualified for enhanced sentencing under two or more theories. His attorney negotiated a plea under which Mr. Kegler obtained concurrent sentences, the longest of which is twelve years. In light of the drug trafficking multiplier on his scoresheet, these sentences are downward departures. Given these circumstances, the trial court can be forgiven for concluding that Mr. Kegler's theory of entrapment to the multiple offenses of sale of cocaine was frivolous.
*1064 Rather than appealing the trial court's order denying his motion to withdraw his plea, Mr. Kegler should recognize that the experienced trial judge accepted this favorable negotiated plea and denied a motion that could only make matters far worse for Mr. Kegler. Legally, however, Mr. Kegler is entitled to conflict-free counsel, who will undoubtedly encourage him to abandon his effort to withdraw his plea.
NOTES
[1] Mr. Kegler pleaded to one count of trafficking in cocaine, seven counts of sale of cocaine, one count of felonious possession of a firearm, seven counts of possession of cocaine, and one count of operating a drug house.
[2] Mr. Kegler also asserted in his motion that the circuit court had imposed an illegal sentence. The circuit court entered a separate order denying Mr. Kegler's motion to correct illegal sentence, which is not at issue in this appeal.
[3] If the maximum possible sentences for each of the charged crimes are run consecutively, Mr. Kegler could receive a total sentence of 186 years' imprisonment. See §§ 775.082(3)(b), (3)(c), (4)(a); 790.23(1)(a), (3); 893.13(1)(a)(1), (7)(a)(5); 893.135(1)(b)(1)(a), Fla. Stat. (2006-07).