CRENSHAW, Judge.
In this Anders[1] appeal, Jamael Luckett challenges his judgment and sentence for robbery with a firearm. We affirm his judgment and sentence without discussion, but vacate the trial court’s order striking Luckett’s motion to withdraw his plea.
After Luckett pleaded guilty and was sentenced by the trial court, Luckett filed a motion to withdraw his plea alleging coercion and misadvice by his trial counsel. Luckett filed a pro se notice of appeal the following day. Several months later, the trial court entered an order finding that it did not have jurisdiction to rule on Luck-ett’s motion because of the pending appeal in this court. Hence, the trial court struck the motion and directed Luckett to refile it *915 after this court issued its mandate in the direct appeal.
Under Florida Rule of Appellate Procedure 9.020(h)(3),
a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.
See also Clemons v. State, 3 So.3d 364, 365-66 (Fla. 2d DCA 2009) (“A timely motion to withdraw plea delays rendition of a defendant’s judgment and sentence until the trial court files a signed, written order disposing of the motion.”). In this instance, the trial court had jurisdiction to rule on Luckett’s motion, and Luckett raised cognizable claims under Florida Rule of Criminal Procedure 3.170(£). See Kegler v. State, 46 So.3d 1061, 1062 (Fla. 2d DCA 2010); Applegate v. State, 23 So.3d 211, 212 (Fla. 2d DCA 2009). And despite being represented by counsel at the time Luckett filed his motion, his pro se pleading could not be stricken as a nullity. See Sheppard v. State, 17 So.3d 275, 277 (Fla.2009). Likewise, any notice of appeal filed by either Luckett or his counsel did not signify that Luckett waived or abandoned his motion to withdraw plea. See Thompson v. State, 50 So.3d 1208, 1211 (Fla. 4th DCA 2010). Thus, the trial court erroneously struck Luckett’s motion. See Sharp v. State, 884 So.2d 510, 511 (Fla. 2d DCA 2004) (finding order dismissing motion to withdraw plea was erroneous where trial court had jurisdiction to consider the motion). Accordingly, we affirm Luckett’s judgment and sentence, but we vacate the order striking his motion to withdraw his plea. On remand, the trial court shall address Luckett’s motion on the merits and appoint conflict-free counsel if an evidentiary hearing is required.
Affirmed in part, vacated in part, and remanded with directions.
DAVIS and SILBERMAN, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).