SILBERMAN, Chief Judge.
John Fitzgerald Kepford appeals his convictions and sentences for felony battery, domestic battery by strangulation, false imprisonment, and grand theft. Kep-ford filed a pro se motion to withdraw his plea after sentencing, and he contends on appeal that the trial court should have appointed conflict-free counsel to represent him at the hearing on his motion to withdraw plea. We reverse the denial of the motion and remand for the appointment of conflict-free counsel.
The State contends that this court should dismiss the appeal as one from a nonfinal order because the trial court denied Kepford’s motion without prejudice, stating that it would review the transcript of the plea hearing if Kepford filed the transcript. This court has already denied *191 the State’s motion to dismiss in which it asserted this argument. Kepford contends that the issue he is raising on appeal is not whether the trial court erred in denying the motion to withdraw plea. Rather, he contends that the issue is whether the trial court erred in holding a hearing and provisionally denying the motion to withdraw plea without appointing conflict-free counsel to represent him. We also point out that this court has jurisdiction of this appeal from Kepford’s convictions and sentences. See Kegler v. State, 46 So.3d 1061, 1061 (Fla. 2d DCA 2010) (recognizing that the challenge to the denial of a motion to withdraw plea after sentencing is by appeal of the judgment and sentence); Clemons v. State, 3 So.3d 364, 365-66 (Fla. 2d DCA 2009) (stating that a timely motion to withdraw plea delays the rendition of the judgment and sentence until a signed, written order is filed that disposes of the motion). Kepford’s notice of appeal was timely filed within thirty days of rendition of Kepford’s judgment and sentence.
Kepford entered into a negotiated plea and was sentenced to concurrent terms of five years’ probation in accordance with his plea agreement. As part of the negotiations, a sexual battery charge was reduced to felony battery. At the change of plea hearing, Kepford indicated that he was not under the influence of any alcohol or drugs by responding “no” to the trial court’s question. When the court asked if there was any DNA evidence that would exonerate Kepford, defense counsel interjected. Although the exchange is somewhat unclear, counsel indicated that there was no DNA evidence that would exonerate Kep-ford on the modified charges to which Kepford was entering the plea. Kepford did not speak at all on this subject.
In his pro se motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.170(£), Kepford essentially alleged that his plea was involuntary. He alleged that he had been hospitalized for a stroke one week before trial, that he was under the influence of “judgment altering steroids,” and that he was not thinking clearly and was given no time to do so. He further alleged that he “was not informed of what the whole plea was about.” Kepford also asserted that DNA evidence proved that “there was no rape.”
The trial court conducted a hearing on the motion on August 12, 2009, at which Kepford appeared pro se. The trial court told Kepford that during a change of plea the court usually asked questions regarding drug or alcohol use and whether the defendant understood the rights being waived. Kepford acknowledged that the court asked these questions of him. However, Kepford asserted that his attorney told him not to answer any questions until counsel told him to answer. Kepford stated that counsel told him to just answer yes or no and that counsel knew that Kepford was on steroids. In fact, the plea form states that the defendant is “not under the influence of alcohol, drugs or medicine at the present time except for_” Handwritten in the blank is the word “steroids.”
Kepford further stated at the hearing on his motion to withdraw plea that counsel spoke to him for less than five minutes and told him to take the plea. He added that when he had been in counsel’s office, he had seen a DNA report in his file showing that it was someone else’s DNA. Kepford claimed he was not informed of the DNA report. He alleged that when asked at the change of plea hearing, counsel told him to say that there was no DNA evidence that could exonerate him.
The trial court stated that Kepford did not inform the court at the plea hearing that counsel had told Kepford to say “no.” The trial court denied the motion without prejudice, stating that if Kepford filed the *192 transcript of the change of plea hearing the court would review it. The trial judge stated that if “the transcript reflects that we didn’t go over this in the kind of detail that’s necessary to be able to ensure that you understood what you were doing and that it was a knowing voluntary change of plea, then, yes, I’ll grant your motion.” Later the trial judge stated, “[I]f I didn’t go over in that transcript all the things that I should have gone over, you might be entitled to withdraw your plea, but today it’s denied.” The written order stated that the motion was denied “at this time.”
At no time during the hearing on Kepford’s motion to withdraw plea did the trial court address the issue of providing counsel for Kepford. “A motion to withdraw plea is a critical stage of the proceedings at which a defendant is entitled to be present and to have counsel represent him.” Krautheim v. State, 38 So.3d 802, 804 (Fla. 2d DCA 2010). Furthermore, “once it becomes clear that a defendant and his counsel are in an adversarial relationship with respect to the defendant’s entry of his plea, the defendant is entitled to the appointment of conflict-free counsel to represent him and to assist him with respect to his motion to withdraw plea.” Id. at 805.
Under Sheppard v. State, 17 So.3d 275, 287 (Fla.2009), the trial court should not strike a pro se motion to withdraw plea as a nullity if the motion is “based on allegations giving rise to an adversarial relationship such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea.” Instead, the trial court should hold a limited hearing to determine if an adversarial relationship exists between counsel and the defendant. Id. If there is an adversarial relationship and the record does not conclusively refute the allegations, then “the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.” Id.
Here, Kepford’s pro se motion does not expressly state an adversarial relationship but only that he “was not informed of what the whole plea was about.” However, the trial court held a brief hearing on the motion. At this hearing Kepford appeared pro se, and the record does not reflect any discharge of his trial counsel. As discussed above, in support of his allegation that he did not understand what he was doing when he entered his plea, Kep-ford essentially stated to the trial court that counsel told him to lie about whether he was under the influence of drugs and that counsel failed to explain the DNA evidence to him. The record does not refute these allegations.
This court has recently determined that “a defendant should be estopped to receive an evidentiary hearing on a postconviction claim when the basis of the claim is that he lied under oath at the relevant hearing.” Polk v. State, 56 So.3d 804, 808 (Fla. 2d DCA 2011). In Polk this court certified the question to the Florida Supreme Court. Id. Polk essentially claimed that his counsel instructed him to lie during the plea colloquy and say that he had not been promised anything about the length of his sentence; however, Polk claimed his counsel had promised that he would not get more than twenty years. Id. at 806. This court affirmed the summary denial of the claim. Id. at 804.
Here, Kepford essentially contends that his counsel instructed him to lie at the plea colloquy about his use of alcohol or drugs. Kepford also contends that counsel instructed him to say there was no DNA evidence to exonerate him. However, Kepford answered no questions about DNA evidence at the plea hearing; rather, counsel interjected that there was no DNA *193 evidence to exonerate Kepford on the charges to which Kepford was entering a plea. In his motion, Kepford alleged that there was DNA evidence “to prove there was no rape,” apparently relevant to the original charge of sexual battery. He claimed that he was not fully informed by trial counsel regarding the plea. At the hearing on the motion, Kepford stated that counsel failed to inform him about the DNA evidence, spent only five minutes with him, and told him to take the plea. Thus, in this case, unlike Polk, in addition to claiming that counsel told him to lie, Kepford alleges that counsel failed to inform him about DNA evidence and explain the plea sufficiently. Therefore, Polk is distinguishable from the present case.
In summary, we conclude that the trial court should not have conducted a hearing without counsel to represent Kepford. See Krautheim, 38 So.3d at 805. Furthermore, Kepford’s allegations in the written motion combined with his allegations at the hearing demonstrated an adversarial relationship between Kepford and counsel. See Kegler, 46 So.3d at 1063 (determining that the allegation in the pro se motion to withdraw plea combined with the defendant’s assertions at the hearing demonstrated the adversarial nature of the relationship between the defendant and counsel). Therefore, we reverse the denial of the motion to withdraw plea and remand for the trial court to allow Kepford to present his motion with the assistance of conflict-free counsel, including the opportunity for counsel to file an amended motion on Kepford’s behalf. See id.
Reversed and remanded.
CASANUEVA and WALLACE, JJ., Concur.