ALTENBERND, Judge.
Michael Estrada appeals his conviction and sentence for robbery with a weapon for an incident that occurred on June 19, 2009. After sentencing, Mr. Estrada filed a timely pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(7), which was denied after a hearing at which the prosecutor appeared and Mr. Estrada appeared without representation. We reverse the denial of the motion to withdraw plea and remand for the appointment of conflict-free counsel.
At the time Mr. Estrada filed his pro se motion to withdraw plea, his appointed trial counsel had not filed a notice of appeal on behalf of Mr. Estrada and the time for filing a notice of appeal had not expired. Nothing in the appellate record reflects that Mr. Estrada’s appointed counsel had sought to withdraw from representation, that counsel had been discharged from representation, or that substitute counsel had been obtained or appointed. Thus, trial counsel’s obligation to Mr. Estrada was not at an end. See Fla. R.Crim. P. 3.111(e)(1)(A), (e)(3). Unfortunately, it appears that Mr. Estrada’s counsel was not provided with the writ of habeas corpus ad prosequendum, which included the time, date, and place of the hearing on Mr. Estrada’s pro se motion to withdraw plea, or with any other notice of hearing on the motion to withdraw plea.
The hearing on the motion to withdraw plea was a critical stage of the proceeding at which Mr. Estrada was entitled to be present and to have counsel represent him. See Kepford v. State, 64 So.3d 189, 192 (Fla. 2d DCA 2011). As in Kepford, the defendant’s written motion in conjunction with his allegations at the hearing demonstrated an adversarial relationship between himself and his attorney. Therefore, as we did in Kepford, we reverse the denial of the motion to withdraw plea and remand for the trial court to allow Mr. Estrada to present his motion or an amended motion with the assistance of conflict-free counsel.
We note that Mr. Estrada entered a guilty plea to robbery with a weapon in exchange for an agreed-upon disposition of ten years’ imprisonment as a habitual felony offender. The State also expressly waived a prison releasee reoffender disposition. Mr. Estrada could face a sentence of life imprisonment on this first-degree felony if he qualifies for sentencing as a habitual offender, and he could face a mandatory minimum term of thirty years’ imprisonment if he qualifies for sentencing as a prison releasee reoffender. Conflict *874 counsel might be able to assist Mr. Estrada in making a decision as to whether it would be in his best interest to seek a withdrawal of his plea.
Reversed and remanded.
SILBERMAN, C.J., and DAVIS, J., concur.