NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALEJANDRO VELASQUEZ,            )
                                )
            Appellant,          )
                                )
v.                              )       Case No.  2D13-2140
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____)

Opinion filed September 12, 2014.

Appeal the Circuit Court for Hillsborough
County; Steven Scott Stephens, Judge.

Howard L. "Rex" Dimmig, II, Public
Defender, and Carol J.Y. Wilson,
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.

ALTENBERND, Judge.

Alejandro Velasquez appeals his judgments and sentences for burglary of

an unoccupied dwelling and dealing in stolen property.  After the court sentenced Mr.

Velasquez to two concurrent sentences of ten years' imprisonment followed by five

years' probation, Mr. Velasquez filed a timely pro se motion to withdraw plea pursuant to

Florida Rule of Criminal Procedure 3.170(*l*). The trial court dismissed the motion without prejudice to Mr. Velasquez to file a facially sufficient motion. Following an extension of time, Mr. Velasquez filed an amended motion that the trial court accepted as timely and facially sufficient. Mr. Velasquez appeared pro se at the hearing on his motion and requested the appointment of counsel. The trial court refused to appoint conflict-free counsel and denied the motion to withdraw plea.

As the State properly concedes, Mr. Velasquez was entitled to counsel at the hearing on the motion to withdraw his plea because it was a critical stage of the proceeding. See Estrada v. State, 113 So. 3d 873, 873 (Fla. 2d DCA 2012); Kepford v. State, 64 So. 3d 189, 192 (Fla. 2d DCA 2011). As in Estrada and Kepford, we reverse the order denying the motion to withdraw plea and remand for the trial court to appoint conflict-free counsel and rehear Mr. Velasquez's motion.

Notably, the State intended to seek prison releasee reoffender and habitual felony offender sentencing if Mr. Velasquez was convicted at trial. As Mr. Velasquez was charged with second-degree felonies, if he qualified for these enhancements, he would have faced up to thirty years' imprisonment on each count, with fifteen-year mandatory minimum terms. See §§ 775.082(9)(a)(3)(c), 775.084(4)(a)(2), Fla. Stat. (2011). Conflict counsel may be able to assist Mr. Velasquez in assessing whether withdrawing his plea is in his best interest.

Reversed and remanded.


KHOUZAM and CRENSHAW, JJ., Concur.