NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CONNELL L. CARROLL,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D13-5673
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed January 30, 2015.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.


            Connell L. Carroll appeals the trial court's order striking his motion to

withdraw plea on the basis that it lacked jurisdiction.  Because the trial court had

jurisdiction to rule on Carroll's motion and failed to do so, we must reverse.  We also

reverse because the trial court failed to render an order of competency after it previously found Carroll incompetent to proceed.

Carroll was charged with second-degree murder with a firearm and resisting or obstructing an officer without violence. He was initially adjudged incompetent to proceed to trial, but following a hearing, his competency was ultimately restored. Thereafter, on August 26, 2013, Carroll pleaded nolo contendere to both counts and was sentenced to life imprisonment on the second-degree murder count and to time served on the resisting count. On November 6, 2013, Carroll filed a motion to withdraw plea, followed by a notice of appeal on November 21, 2013. On November 22, 2013, the trial court filed an order striking Carroll's motion to withdraw plea as being premature. The trial court later struck this order and rendered an order striking Carroll's motion to withdraw plea for lack of jurisdiction.

On the first issue, Carroll argues that the trial court had jurisdiction to rule on his motion to withdraw plea, and thus the order striking it was error. Florida Rule of Appellate Procedure 9.020(i)(3) specifically provides:

> [A] pending motion . . . to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.

Therefore, the trial court had jurisdiction to decide the motion to withdraw plea even though Carroll had filed a notice of appeal. The correct ruling would have been to simply hold the notice of appeal in abeyance until the court ruled on the motion to withdraw plea, not to deny the motion on jurisdictional grounds or as premature. Accordingly, we reverse the order striking Carroll's motion to withdraw his plea and

remand for the trial court to address the motion on the merits.  See Luckett v. State, 56 So. 3d 914, 915 (Fla. 2d DCA 2011); see also Sharp v. State, 884 So. 2d 510, 511 (Fla. 2d DCA 2004) (finding reversal of an order dismissing a motion to withdraw plea to be the appropriate remedy when "the trial court had jurisdiction to consider [the defendant's] first motion").

On the second issue, Carroll argues that the trial court was required to render a written order finding him competent to stand trial pursuant to the Florida Rule of Criminal Procedure 3.212(c)(7).  On this point, Carroll is also correct.  Rule 3.212(c)(7) provides: "If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed."  (Emphasis supplied.)  See also Corbitt v. State, 744 So. 2d 1130 (Fla. 2d DCA 1999).  Even when the trial court has previously made a written finding of competency on a signed "minutes" form, this still does not satisfy the requirement to enter an order as set forth by the rules of criminal procedure.  See Fla. R. App. P. 9.020(f) (defining an order as "[a] decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries" (emphasis added)); see also State v. Wagner, 863 So. 2d 1224, 1227 (Fla. 2004) (holding that "a court minutes form, even if signed by the judge, does not constitute a reviewable order").  Hence, we also reverse on the second issue and remand for entry of a written order finding Carroll competent to proceed.

Reversed and remanded with instructions.


NORTHCUTT and KELLY, JJ., Concur.