IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRAVIS BRYANT,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

Case No. 5D15-3066

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Lake County,
William G. Law, Jr, Judge.

James S. Purdy, Public Defender, and
Glendon George Gordon, Jr., Assistant
Public Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.


EVANDER, J.

      Travis Bryant appeals from the denial of his motion[1] to withdraw plea. We

conclude that the trial court erred in failing to appoint conflict-free counsel to represent

---

[1] Bryant sent the trial court two pieces of handwritten correspondence seeking to withdraw his plea. For purposes of this opinion, we will treat the correspondence as a single motion.

Bryant in the motion to withdraw plea proceedings.

Pursuant to a plea agreement, Bryan entered a nolo contendere plea to aggravated battery with great bodily harm and domestic battery by strangulation in exchange for the State's decision to drop a third charge. During the plea colloquy, Bryant informed the trial court that he signed the plea agreement freely and voluntarily. However, he also advised the court that he took medication for a mental condition and that he was "kind of confused." At that point, the trial court indicated its unwillingness to accept Bryant's plea. After a "time-out," Bryant advised the trial court that he was no longer confused. The trial court then asked defense counsel if she had reason to question Bryant's competency. After defense counsel responded in the negative, the trial court accepted the plea and sentenced Bryant as a habitual felony offender to sixteen years in prison for the aggravated battery, and a concurrent ten-year prison sentence on the domestic battery charge.

Shortly thereafter, Bryant filed his motion to withdraw plea, alleging involuntariness and ineffective assistance of counsel. Bryant alleged, *inter alia*, that his counsel was ineffective in failing to request a competency evaluation notwithstanding that he had been "diagnosed as mentally and emotionally disturbed" and had been prescribed "mental illness" medication, had failed to provide him with a copy of his "discovery information," and had ignored facts and information provided by his wife. Bryant contended that he was not guilty of the charged offenses and felt "seduced and tricked" into entering into the plea agreement.

The trial court held an evidentiary hearing on Bryant's motion to withdraw plea but did not appoint conflict-free counsel. During the hearing, the trial court, sua sponte,

2

placed defense counsel under oath to respond to Bryant's claims. The prosecutor elicited from defense counsel that she had conferred with Bryant on numerous occasions and had no reasonable grounds to believe that Bryant was incompetent. On "cross-examination," Bryant unsuccessfully attempted to challenge his attorney's decision not to seek a competency evaluation. The trial court found that Bryant's plea was voluntary and denied his motion.

When a patent conflict of interest arises between counsel and a defendant in a motion to withdraw plea proceeding, the court has a duty to offer the defendant conflict-free counsel. *Rouse v. State*, 990 So. 2d 1197, 1198 (Fla. 5th DCA 2008). Here, Bryant was effectively unrepresented at the hearing on his motion to withdraw plea. The conflict between Bryant and his attorney was particularly evident when his defense counsel testified against him as to whether a competency evaluation should have been requested. *See, e.g.*, *Kegler v. State*, 46 So. 3d 1061, 1063 (Fla. 2d DCA 2010) ("Nothing could demonstrate the adversarial nature of their relationship better than the circuit court's decision to place counsel under oath to respond to [appellant's] claims. Instead of doing so, the circuit court should have concluded the hearing and appointed conflict-free counsel to represent [appellant] on his motion to withdraw plea.").

Bryant also argues that the trial court abused its discretion in failing to find that his plea was involuntary. We reject this argument without prejudice to Bryant again raising this issue below with the benefit of conflict-free counsel. Because Bryant is entitled to assistance in preparing his motion, the court should provide counsel an opportunity to file an amended motion on his behalf. *See id.* If the amended motion presents a facially sufficient claim or claims for withdrawal of the plea, the circuit court should consider the

3

merits of the motion at a hearing at which Bryant shall be entitled to be represented by conflict-free counsel.

AFFIRMED, in part; REVERSED, in part; REMANDED.

ORFINGER and EDWARDS, JJ., concur.