# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2283
LT Case No. 2023-101249-CFDL

_____

FERNANDO LAGUNAS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Dawn D. Nichols, Judge.

Ann M. Phillips, Attorney at Law, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Daniel P. Caldwell, Assistant Attorney General, Daytona Beach, for Appellee.

March 21, 2025

PER CURIAM.

Based on the State's concession of error, we reverse the trial court's order dismissing Appellant's pro se motion to withdraw plea and remand to address the motion on the merits.

A motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*) must be filed within 30 days after the rendition of a sentence. Here, however, Appellant's written

judgment and sentence were rendered on a legal holiday: Independence Day, July 4, 2024. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(6)(A). The following day, Friday, July 5, 2024, was also designated an official court holiday by the chief judge of the Seventh Judicial Circuit and the Volusia County Clerk of Circuit Court. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(6)(B). Therefore, Appellant's 30 days to file a motion to withdraw plea began on Monday, July 8, 2024. *See* Fla. R. Gen Prac. & Jud. Admin. 2.514(a)(1)(A) ("When the period is stated in days . . . begin counting from the next day that is not a Saturday, Sunday, or legal holiday[.]"). Thus, as the State concedes, Appellant timely filed his pro se motion on August 6, 2024.[1] The State also concedes Appellant's motion raises allegations of misadvice of counsel and therefore should not be stricken as a nullity. *See Sheppard v. State,* 17 So. 3d 275, 286–87 (Fla. 2004).

Accordingly, we reverse the trial court's order dismissing Appellant's motion to withdraw plea, and remand to the trial court to address Appellant's motion on the merits.

REVERSED and REMANDED with instructions.

EDWARDS, C.J., and LAMBERT and KILBANE, JJ., concur.

---

[1] Later that same day, Appellant filed a document that was properly treated as a Notice of Appeal. This filing did not divest the trial court of jurisdiction to rule on the pending motion to withdraw plea nor is it a nullity. *See* Fla. R. App. P. 9.020(h)(2)(C); *Carroll v. State*, 157 So. 3d 385, 386 (Fla. 2d DCA 2015); *Chipman v. State*, 285 So. 3d 1005, 1006 (Fla. 2d DCA 2019).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

3